## THE STATE OF KANSAS V. JACOB SCHMIDT.

| 34 | 399 |
|----|-----|
| 51 | 177 |

1. PROHIBITORY LIQUOR LAW; *Repeal; Saving Clause.* Where an indictment was found and filed on January 3, 1885, by the grand jury, charging an offense under § 7 of the prohibitory liquor law of 1881, and on March 10, 1885, such section was repealed, but the repealing statute provided that all prosecutions then pending should be continued the same as if such repealing statute had not been passed, *held,* that all the rights and remedies which the repealing statute purported to save were saved, and that the defendant may be tried, convicted and punished under said indictment.

2. ———— *Sufficient Indictment.* The indictment, which charged that the defendant sold intoxicating liquors without a permit, and in violation of law, *held* sufficient.

3. PRACTICE; *Election of Offense.* Where the indictment charged, among other things, that the defendant "did unlawfully sell and barter spirituous, malt, vinous, fermented, and other intoxicating liquors,"

The State v. Schmidt.

and the defendant moved the court to require the state to elect to prosecute upon some particular sale or gift of some particular kind of liquor, and this motion was made before the commencement of the trial, and the court overruled the motion, *held*, not error.

4. —— *Immaterial Testimony.* Where a witness testifies to a fact, and such fact is abundantly proved by the testimony of other witnesses, and there is no contradictory evidence, *held*, that it is immaterial whether the testimony of such witness is competent, or not.

5. PERMIT; *Competent Evidence; Prima Facie Proof.* Where one of the questions in issue is whether the defendant had a permit to sell intoxicating liquors under the prohibitory liquor law of 1881, and the probate judge testifies as a witness that he has the possession of all the records of the probate judge's office, and has at that time the record of permits, and that such record shows that no permit has ever been granted to the defendant, and he also testifies that he has never issued any such permit, *held*, that the evidence is competent, and proves *prima facie* that the defendant did not have any such permit.

6. WITNESS; *Name not Indorsed on Indictment.* Where a witness in a criminal prosecution testifies in behalf of the state without his name having first been indorsed upon the indictment, and so testifies without objection, *held*, that it is too late to make the objection for the first time in the supreme court. A conviction and sentence upon the testimony of such witness may be upheld. The rule enunciated in the case of *The State v. Crimmins*, 31 Kas. 376, with regard to the election of the offense relied upon for a conviction, referred to, and followed.

7. —— *Evidence Before Grand Jury.* In a criminal prosecution upon an indictment, where the state relies for a conviction upon a sale of beer made to M., it is not competent for the defendant to show by the testimony of M. that the offense upon which the state relies for a conviction was not testified to by M. before the grand jury; for the grand jury may find indictments upon their own knowledge. (*The State v. Skinner*, ante, p. 256.)

8. —— *Conviction; Costs.* Upon a conviction in a criminal prosecution for a violation of §7 of the prohibitory liquor law of 1881, the court may, under §12 of such law, tax against the defendant, as part of the costs, a county attorney's fee for $15.

### *Appeal from Edwards District Court.*

PROSECUTION for a violation of § 7 of the prohibitory liquor law of 1881. The defendant *Schmidt* was tried June 5, 1885, found guilty as charged, sentenced to pay a fine of $200 and costs, and to be committed to the jail of Edwards county until the judgment should be complied with. Defendant appeals.

*Nelson Adams,* for appellant.

*S. B. Bradford,* attorney general, for The State; *Edwin A. Austin,* of counsel.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution upon indictment, wherein the defendant was charged with selling intoxicating liquors in violation of the prohibitory liquor law of 1881. (Laws of 1881, ch. 128.) The defendant was found guilty, and sentenced to pay a fine of $200 and costs, and from this sentence he now appeals to this court.

Several questions are presented for consideration, which we shall consider in their order:

I. It is claimed that the court below erred in overruling the defendant's motion to quash the indictment, for the reason that § 7 of the prohibitory liquor law of 1881, the statute upon which this prosecution is based, had been repealed prior to the making of the motion and prior to the trial and sentence in this case. The indictment, however, under which the defendant was prosecuted, was found and filed on January 3, 1885, which was before the repeal of said § 7; and when such section was thus repealed, which was on March 10, 1885, the repealing statute provided that all prosecutions then pending should be continued the same as if such repealing statute had not been passed. (Laws of 1885, ch. 149, § 19. See also *The State v. Showers,* ante, p. 269.) We think that all the rights and remedies which the saving clause contained in the repealing statute purported to save, were saved by it, and that the defendant's motion to quash the indictment was properly overruled, and that he was properly tried, convicted, and sentenced, and may be punished under the same.

II. It is further claimed that the indictment is defective for the reason that it does not show whether the defendant was "to be prosecuted for furnishing or giving a small quantity of wine for sacramental purposes, or for giving a friend or family a glass of beer or wine with no intention to

26—34 KAS.

avoid a sale." The indictment, however, charged that the defendant actually sold intoxicating liquors without a permit and in violation of law, and therefore it is not open to the objection urged against it by the defendant. We think it is sufficient.

III. It is also claimed that "the court erred in overruling the defendant's motion and demand to require the state to elect and stand upon some particular sale or gift of some particular kind of liquor mentioned in the indictment." The charge was that the defendant "did unlawfully sell and barter spirituous, malt, vinous, fermented and other intoxicating liquors;" hence this motion or demand. But the motion or demand was made before the commencement of the trial. Hence the court did not not err in overruling it. (*The State v. Schweiter*, 27 Kas. 500; *The State v. Skinner*, ante, p. 256.)

IV. It is claimed that the testimony of the former probate judge was incompetent. We think it was competent; but even if it was not, still, under the facts of the case it makes no difference, for the fact which he was called upon to testify to was abundantly proved by the testimony of the present probate judge; and there was no contradictory evidence. And further, the exception to the admission of this testimony was general, embracing the entire testimony of such witness; and was not to the admission of any particular portion thereof.

V. It is also claimed that the testimony of the present probate judge was incompetent. He testified that he had the possession of all the records belonging to the probate judge's office, and that he then had "the record of permits," and that such record showed that no permit had ever been granted to the defendant; and that there was no entry on the journal of the defendant's having any such permit. Under the statute, (Prohibitory Liquor Law of 1881, § 2,) the record of permits is the journal of the probate court. Hence he must have had the journal in court at the time when he testified. This evidence, we think, was competent, and in the absence of contra-

dictory evidence was amply sufficient. It was at least *prima facie* evidence that the defendant did not have any permit, and there was no evidence to the contrary. Both the former probate judge and the present probate judge testified, in connection with the record of permits, that they, severally, had never issued any permit to the defendant; and this fact, that the defendant did not have any permit, was the only fact concerning which either the former probate judge or the present probate judge was called upon to testify. This case is clearly distinguishable from that of *The State v. Nye*, 32 Kas. 201. The exception to this evidence was also to the whole of it, and not to any particular portion thereof.

VI. It is also claimed that the court below erred in permitting the witness J. F. Marsh to testify in the case, for the reason that his name was not indorsed on the indictment. Now no objection was made in the court below to Marsh's testimony for this reason, and it is too late now to make such an objection. We think a conviction upon Marsh's testimony was rightfully upheld. Also, the election on the part of the state to rely for a conviction upon a sale of beer made to Marsh, we think comes within the rule enunciated in the case of *The State v. Crimmins*, 31 Kas. 376.

VII. It is also claimed that the court below erred in overruling the defendant's plea in abatement, and in denying the defendant the right to show by the witness Marsh that the offense upon which the state finally elected to rely for a conviction was a different offense from the one found by the grand jury; or rather, that it was not an offense with regard to which Marsh testified before the grand jury. We do not think that the court below erred in this particular. The grand jury may have found the indictment upon their own knowledge. (*The State v. Skinner*, ante, p. 256.) The court also instructed the jury that they could convict only for a sale of beer to Marsh.

VIII. It is also claimed that the court below erred in taxing against the defendant as costs a county attorney's fee for $15. We perceive no error in this. Section 12 of the pro-

hibitory liquor law of 1881 authorizes the same to be done. See also § 10 of the prohibitory liquor law of 1885. This fee is not imposed as a part of the punishment, but is simply imposed as a part of the costs of the prosecution, for services rendered by the county attorney.

IX. It is also claimed that the court below erred in overruling the defendant's motion for arrest of judgment and for a new trial. We think no error was committed in this respect.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.