No. 59,147

STATE OF KANSAS, *Appellant,* v. ROBERT A. KITZMAN, *Appellee.*

(727 P.2d 491)

Opinion filed
October 31, 1986.

*Arthur R. Weiss,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Gene M. Olander,* district attorney, were with him on the brief for appellant.

*Max Rowinsky,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: The state appeals pursuant to K.S.A. 22-3602(b)(3) upon a question reserved at the appellee Robert A. Kitzman's sentencing hearing on February 6, 1986. The facts are as follows:

On June 13, 1985, Robert Kitzman pled no contest to the charge of driving under the influence of alcohol or drugs. K.S.A. 1984 Supp. 8-1567. On June 27, 1985, he was sentenced to serve one year in the Shawnee County jail and placed on two years' probation after his release.

After serving over seven months of his one-year sentence, Kitzman wrote to the district court inquiring as to the length of time remaining upon his sentence and whether or not there would be any additional imposition of fines or costs after he had served his full sentence. The court responded by appointing new counsel for the appellee (his previous counsel had left the community) and by setting a hearing for February 6, 1986.

At the hearing, the court, on its own motion, modified the sentence to eliminate the requirement that Kitzman be placed on probation for two years upon completion of his jail sentence. The court noted that the sentence was illegal since the relevant statute (K.S.A. 1984 Supp. 8-1567[d]) provided for *not more than* one year's imprisonment for a second DUI conviction.

At the same hearing, the court also corrected the appellee's

sentence to reflect the imposition of a $500 fine, as required by K.S.A. 1984 Supp. 8-1567(d). However, the court immediately "paroled" the fine, with the following statement:

"I'm going to impose the fine at this time of $500; but, I also agree, and I don't know how much we can expect to get out of a person—a year in the county jail is a significant amount of time, and I'm going to parole the $500 fine."

Neither the State nor the appellee objected to the modifications of the sentence. Instead, the State argued the court had no authority under K.S.A. 1984 Supp. 8-1567 to suspend payment of the fine, and reserved the question pursuant to K.S.A. 22-3602(b)(3). This appeal followed.

The sole issue on appeal is whether K.S.A. 1984 Supp. 8-1567 gives the trial court the discretion to suspend payment of the $500 mandatory fine.

We first note that the trial court acted properly in correcting the appellee's sentence to reflect the statutory minimum requirements. We have often held that an illegal sentence may be corrected at any time. *State v. Kerley,* 236 Kan. 863, 865, 696 P.2d 975 (1985). Kitzman's original sentence was clearly illegal. It required two years' probation after a one-year jail term in violation of K.S.A. 1984 Supp. 8-1567(d), which provides for a maximum sentence of one year's imprisonment. The statute also requires imposition of a mandatory minimum fine which the court initially failed to impose. Accordingly, the court did not err in correcting the sentence to reflect the statutory requirements.

At the time of appellee's conviction, K.S.A. 1984 Supp. 8-1567(d) provided as follows:

"(d) On a second conviction of a violation of this section, a *person shall be sentenced to not less than 90 days' nor more than one year's imprisonment and fined not less than $500 nor more than $1,000.* The person convicted must serve at least five days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole *or is otherwise released.* As a condition of any grant of probation, suspension of sentence or parole *or of any other release,* the person shall be required to enter into and complete a treatment program for alcohol and drug abuse as provided in K.S.A. 8-1008 and amendments thereto. In addition, the court shall suspend the driver's license of the convicted person for one year or until the person completes the treatment program approved by the court, whichever is directed by the court. No plea bargaining agreement shall be entered into nor shall any judge approve a plea bargaining agreement entered into for the purpose of permitting a person charged with a violation of this section, or any ordinance of a city in this state which prohibits the acts prohibited

by this section, to avoid the mandatory penalties established by this subsection or the ordinance." (Emphasis added.)

The State argues the provisions of this statute are mandatory and thus do not permit a trial court to suspend payment of the required fine. Kitzman contends the statute does not clearly provide that payment of the fine cannot be suspended and, therefore, the trial court's action was within its sound discretion.

We recently reviewed the rules of statutory construction in *State v. Cole*, 238 Kan. 370, 371-72, 710 P.2d 25 (1985), where we stated:

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citations omitted].

"Penal statutes must be strictly construed in favor of persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. *Such a statute should not be read to add that which is not readily found therein* or to read out what as a matter of ordinary English language is in it. [Citations omitted.]" (Emphasis added.)

In determining whether K.S.A. 1984 Supp. 8-1567(d) permits a trial judge to suspend payment of a mandatory fine, we should examine one sentence of the statute with particular care. After providing for a mandatory sentence and fine on a second DUI violation, the statute continues as follows:

"The person convicted must serve at least five days' imprisonment before the person is granted probation, suspension or reduction of sentence or parole *or is otherwise released.* As a condition of any grant of probation, suspension of sentence or parole *or of any other release,* the person shall be required to enter into and complete a treatment program for alcohol and drug abuse as provided in K.S.A. 8-1008 and amendments thereto."

The foregoing statute concerns only reduction of sentence and does not provide for reduction, suspension, or "parole" of the mandatory fine.

The statute indicates that the conditions under which the minimum sentence can be altered apply only to "a release" from imprisonment—including probation, suspension or reduction of sentence, or parole. Thus, the statute, while providing for a reduced sentence under certain conditions, clearly does not give

the judge discretion to suspend or waive the statutory minimum fine.

The best indication of the legislative intent is disclosed by examining a previous version of 8-1567. Prior to 1982, the relevant portion of the statute provided:

"On a second or subsequent [DUI] conviction he or she shall be punished by imprisonment for not less than ninety (90) days nor more than one (1) year, *and, in the discretion of the court,* a fine of not more than five hundred dollars ($500)." K.S.A. 1981 Supp. 8-1567(c).

When the legislature amended the statute in 1982, it deleted, among other things, the reference to the "discretion of the court." Thus, it is apparent the legislature, by removing the discretionary language found in earlier statutes, intended the fine to be mandatory with no opportunity for the trial court to grant a waiver or suspension of the fine. This holding is also in line with the stated intention of the legislature to enact stiffer DUI penalties in 1982. These statutory amendments are the legislature's response to the serious threat of drunken drivers to highway safety and to increased public awareness of that threat. See Note, *The New Kansas DUI Law: Constitutional Issues and Practical Problems,* 22 Washburn L.J. 340 (1983); Comment, *The New Kansas Drunk Driving Law: A Closer Look,* 31 Kan. L. Rev. 409 (1983).

We hold in this case, which is controlled by the mandatory sentencing statute, the trial court did not have discretion to waive, remit, suspend, or "parole" the fine.

The judgment of the trial court is reversed.