No. 59,827

STATE OF KANSAS, *Appellant,* v. PAUL D. HIGGINS, *Appellee.*
(732 P.2d 760)

Opinion filed February 20, 1987.

*Gene M. Olander,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Arthur R. Weiss,* assistant district attorney, were with him on the brief for appellant.

*O. W. Bobo, III,* of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

PRAGER, C.J.: This is an appeal by the State on a question reserved, pursuant to K.S.A. 1986 Supp. 22-3602(b)(3), following a plea of guilty and sentence of the defendant, Paul D. Higgins, for driving under the influence of alcohol/drugs (K.S.A. 1983 Supp. 8-1567). The only dispute in the case involves payment of the costs of extradition of the defendant from California provided for in K.S.A. 1986 Supp. 22-2724.

The facts in the case are undisputed and are as follows: On June 27, 1983, defendant Higgins was arrested by a Kansas highway patrolman for driving under the influence as well as two minor traffic charges. Defendant failed to appear for his arraignment in July 1983. His appearance bond was forfeited and a warrant was issued.

On May 24, 1984, a motion for judgment for forfeiture of bail was granted. Thereafter, a criminal charge for failure to appear was also filed and a warrant was issued for defendant's arrest.

Two years later, the defendant was located in the State of California. The district attorney determined that the defendant should be returned to Kansas and began the appropriate proceedings under K.S.A. 1986 Supp. 22-2723. At the same time, there was another fugitive from justice who was in California and who had been charged with a felony in Shawnee County.

The defendant waived formal extradition proceedings and, in August of 1986, two officers of the Shawnee County sheriff's department traveled to California to pick up the defendant and the other charged person. Thereafter, for some unexplained reason, the warrant on the other person was dropped, and the two officers took the defendant into custody and returned him to Topeka. On August 13, 1986, defendant pleaded guilty to driving under the influence and also pleaded guilty to the offense of failure to appear in the other case. At the time sentence was imposed, the State requested that the total cost of extradition in the amount of $1,193.80 be assessed against the defendant. The trial judge questioned the defendant regarding his employment in California and determined that he was indigent and lacked funds to pay those costs. Defense counsel requested that the extradition costs be waived.

The trial court then sentenced the defendant on his plea of guilty to DUI as follows:

(1) Defendant was fined the sum of $200.

(2) As to the mandatory 48 hours imprisonment under the statute, defendant was sentenced to time served awaiting trial, which was 18 days.

(3) The court imposed restrictions on the defendant's Kansas driver's license that defendant drive only to and from work and to medical meetings and to any alcohol rehabilitation programs that he might be required to attend.

(4) The trial court assessed all of the usual court costs not including the extradition costs, in the amount of $26.

(5) The trial court waived the local alcohol evaluation program, but included 6 months unsupervised probation. It required defendant to investigate the California alcohol drug program conducted through the California court services and ordered him to make arrangements to participate therein and so advise his Kansas probation officer.

(6) The trial court assessed the $1,193.80 extradition fees as court costs pursuant to K.S.A. 1986 Supp. 22-2724 and K.S.A. 1986 Supp. 22-3801. The trial court then paroled defendant from paying these assessed extradition costs. The prosecutor reserved as a question of law whether the trial court had the right to parole the defendant from the payment of the extradition fees.

The basic issue presented on appeal is whether a district court has the authority to release an indigent defendant on probation or parole without requiring, as a condition of the parole or probation, the payment of all costs and expenses incurred in returning the defendant, as an extradited fugitive, to Kansas from another state.

In order to determine this question, we first must consider the applicable statutes. K.S.A. 1986 Supp. 22-2723 provides a procedure for the requisition and return from another state of a person charged with a crime in this state. K.S.A. 1986 Supp. 22-2724 governs the manner in which the costs of extradition are to be paid. It provides as follows:

"22-2724. **Costs and expenses.** The expenses which may accrue under K.S.A. 22-2723 shall be treated as costs of the criminal proceedings and shall be taxed and paid as provided in K.S.A. 22-3801 *et seq.*"

K.S.A. 1986 Supp. 22-3801(a) governs the liability of a convicted defendant for the costs incurred in the following language:

"22-3801. **Liability for costs.** (a) If the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases."

The Kansas sentencing statutes also deal with a trial court's authority to assess the costs against the defendant, and invest in a trial court a broad discretion in determining the disposition in a particular case.

K.S.A. 1986 Supp. 21-4603(2) provides that whenever any person has been found guilty of a crime, the court may adjudge any of a number of prescribed actions including the power to release the defendant on probation, subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution.

K.S.A. 1986 Supp. 21-4610 addresses the conditions which

may be imposed when a trial court grants probation or suspended sentence. Subsection (3) states that the court may include among the conditions of probation or sentence any of a number of prescribed conditions which it deems proper. Subsection (3)(g) gives the trial court authority to require, as a condition of probation, that the defendant pay a fine or the costs in the manner as directed by the court. Among other things, K.S.A. 1986 Supp. 21-4610 authorizes the trial court, in its discretion, to require payment of costs; to reimburse the indigents' defense services fund for counsel provided and other defense services to the defendant; to order the defendant to perform services to satisfy fines or costs based upon his ability to pay; and to order restitution, unless the circumstances render a plan of restitution unworkable. K.S.A. 1986 Supp. 21-4610 gives a trial court broad discretion in evaluating the defendant's ability to make payments and also to include relief from such payments as a condition of probation.

In recent years, the courts in this country have taken a rather firm position holding that it is constitutionally impermissible to incarcerate an indigent criminal defendant merely because he does not have the money to pay the fine or make restitution as a condition of his probation. In this regard see *Bearden v. Georgia*, 461 U.S. 660, 76 L. Ed. 2d 221, 103 S. Ct. 2064 (1983). In the recent case of *State v. Duke*, 10 Kan. App. 2d 392, 699 P.2d 576 (1985), it was held that, in determining whether to revoke the defendant's probation, the trial court must consider why the probationer failed to pay a fine or court costs or make restitution as required by the conditions of the probation. The trial court held that imprisonment may be used as a means to enforce collection of fines, court costs, or restitution when the probationer willfully refuses to pay although he has the means to pay, or he does not make a bona fide effort to acquire the resources to pay.

We also note *Olson v. James*, 603 F.2d 150 (10th Cir. 1979), where it was held that a court should not order a convicted person to pay expenditures for attorney fees furnished by the State unless he is able to pay them or will be able to pay them in the future considering his financial resources and the nature of the burden that payment will impose, and if a person is unlikely

to be able to pay, no requirement to pay is to be imposed. The court cites the case of *James v. Strange*, 407 U.S. 128, 32 L. Ed. 2d 600, 92 S. Ct. 2027 (1972), where K.S.A. 1971 Supp. 22-4513, which provided that the State could recoup from an indigent defendant sums expended in providing him with counsel and other legal services, was held to be unconstitutional where a convicted person was required to pay these expenses without considering his financial resources and the nature of the burden the expenses would impose.

Note should also be taken of the opinion of this court in *State v. Kitzman*, 240 Kan. 191, 727 P.2d 491 (1986), where it was held that K.S.A. 1984 Supp. 8-1567(d), which provides for mandatory sentencing upon a second DUI conviction, does not give the trial court discretion to waive, remit, suspend, or parole the mandatory minimum fine. That case did not involve the payment of court costs as a condition of probation or parole.

We have considered all of the statutes and cases cited above, and have concluded that K.S.A. 1986 Supp. 22-2724 and K.S.A. 1986 Supp. 22-3801 should be construed together to require that a judgment against the defendant for court costs in a criminal case constitutes a civil judgment for the payment of money and is enforceable as such, subject to the same protections and exemptions provided indigent defendants in civil cases. As a civil judgment, a judgment for court costs in a criminal case incurred in connection with an extradition proceeding may be collected whenever a defendant has sufficient property to satisfy the judgment. We have also concluded that, under the broad power of a trial court to grant probation or parole, a trial court may excuse a defendant from the immediate payment of court costs when a defendant is released on probation or parole. This action, however, does not in any way destroy the civil judgment for court costs. It simply makes it possible for an indigent defendant to be treated on an equal basis with other indigent defendants in civil cases.

In reaching this conclusion, we also have considered the logical consequence of a rule requiring that all costs of extradition be paid without regard to a defendant's indigency or financial condition. If a criminal defendant must be summarily thrown

into jail as a matter of law because he cannot pay the court costs, the already overcrowded county jails in Kansas would burst at the seams, and the expense to the counties would be exorbitant. We hold that, in view of the broad powers given to our trial courts in imposing conditions of probation, and in view of the language of K.S.A. 1986 Supp. 22-2724 and K.S.A. 1986 Supp. 22-3801, although costs of extradition assessed in a criminal case remain a civil judgment against the defendant, a trial court may release a defendant on probation or parole without requiring the defendant to pay such costs. The appeal of the State is denied.