(743 P.2d 98)

No. 60,231

STATE OF KANSAS, *Appellee*, v. JOHN DEAN, *Appellant*.

Petition for review denied December 18, 1987.

Opinion filed September 24, 1987.

*Jessica R. Kunen*, deputy appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Mona Furst*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., REES and DAVIS, JJ.

DAVIS, J.: This is a direct appeal by the defendant, John Dean, from a sentence imposed following his plea of guilty to one count

of misdemeanor criminal damage to property. K.S.A. 1986 Supp. 21-3720.

Defendant was extradited from Kalamazoo, Michigan, to face a charge of criminal damage to property to the extent of $150 or more, a class E felony. The return on the extradition warrant lists extradition expenses totaling $1,492.50, including $1,325 for air travel, $55.81 for car rental, taxi, etc., $56.24 for lodging, and $55.45 for meals.

As part of a plea agreement, defendant pleaded guilty to the misdemeanor charge. The court sentenced defendant to thirty days in jail, restitution of $110, "and costs." The words, "and costs," are printed on the journal entry form following several blank spaces provided for entry of sentence. The journal entry does not specify the costs imposed on defendant. The court placed defendant on probation for a period of one year, conditioned on payment of $110 restitution, obedience to the laws, and regular contact with the probation office.

Approximately two months after sentencing, the State filed a "Motion to Order Extradition Costs." The State filed the same motion again some two months later. Following a hearing, the trial court sustained the State's motion and assessed extradition costs in the amount of $1,492.50 against defendant. Payment of these costs was made a condition of defendant's probation.

Approximately one year after sentencing, the trial court ruled that defendant had completed all terms and conditions of probation except payment of extradition costs: "[T]he only condition of continuing probation will be payment of the extradition costs should the Court of Appeals rule adversely to the defendant."

Defendant contends that the district court erred by assessing extradition costs because (1) the assessment after sentence increased his penalty; (2) the plea bargain did not include an agreement to pay extradition costs; and (3) the trial court failed to determine whether he was financially able to pay extradition costs before making those costs a condition of probation.

Defendant argues that the imposition of $1,492.50 extradition costs over four months after his sentence was an additional penalty and violated his rights under the double jeopardy clause of the Fifth Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution. Kan-

sas law does not support defendant's contention that assessment of court costs upon criminal conviction is part of the penalty.

K.S.A. 1986 Supp. 22-3801(a) mandates that court costs be imposed upon a convicted defendant:

"Liability for costs. (a) If the defendant in a criminal case is convicted, the court costs *shall be taxed* against the defendant and *shall be a judgment* against the defendant which may be enforced as judgments for payment of money in civil cases." (Emphasis added.)

The requirement that a convicted defendant assume liability for court costs has long been a part of Kansas law. See *State v. Shannon*, 194 Kan. 258, 263, 398 P.2d 344 (1965); *State v. Thomson*, 188 Kan. 171, 176-78, 360 P.2d 871 (1961); *State v. Granville*, 26 Kan. 158, 160-61 (1881); *Co. Com'rs v. Whiting*, 4 Kan. 273 (1868).

Kansas courts have held that statutes requiring a convicted defendant to pay court costs were not intended to penalize the defendant, but to allocate the expenses incurred in prosecution. In *State v. Schmidt*, 34 Kan. 399, 403-04, 8 Pac. 867 (1885), the court held that a county attorney's fee, authorized by statute to be assessed against a defendant following conviction of a prohibitory liquor law, "is not imposed as a part of the punishment, but is simply imposed as a part of the costs of the prosecution, for services rendered by the county attorney."

In *State v. Waufle*, 9 Kan. App. 2d 68, 673 P.2d 109 (1983), the defendant was convicted of a misdemeanor. At the time the defendant was charged, the misdemeanor docket fee was $40, but by the time of his conviction, the amended version of K.S.A. 1982 Supp. 28-172a(a) had raised the fee to $84. Defendant contended that the docket fee in effect at the time he was charged, not at the time of his conviction, should apply. We held that the amendment affected procedural, not substantive, rights, and reversed and remanded with directions to tax the docket fee of $84 in accordance with K.S.A. 1982 Supp. 28-172a(a):

"*The fees section of the amended statute is not a part of the law which creates, defines or regulates rights. It does not create any liability against defendant for the crime committed.* Rather, the amendment appears to have been routinely made to remedy the defect in the statute caused by inflation and passage of time. No new duty is thereby imposed upon defendant. As such, the statutory amendment appears procedural in nature. . . . The amount of docket

fee to be assessed defendant was statutorily controlled and was not a matter within the trial court's discretion." 9 Kan. App. 2d at 79. (Emphasis added.)

Defendant argues that imposition of the extradition costs, unlike docketing fees, is within the discretion of the trial court. He argues that because the court failed to exercise its discretion at the time of original sentence, it may not four months later exercise that discretion to impose extradition costs. He claims that the imposition of extradition costs under the circumstances amounts to an increase in his penalty.

In support of his position, defendant relies on the provisions of K.S.A. 28-172a(a) and (d).

"(a) Except as otherwise provided in this section, whenever the prosecuting witness or defendant is adjudged to pay the costs in a criminal proceeding in any county, a docket fee shall be taxed as follows:

| | |
|---|---|
| Murder or manslaughter | $148 |
| Other felony | 118 |
| Misdemeanor | 88 |
| Forfeited recognizance | 48 |
| Appeals from other courts | 48 |

. . . .

"(d) Statutory charges for law library funds, the law enforcement training center fund, the crime victims reparations fund and the prosecuting attorneys' training fund shall be paid from the docket fee. *All other fees and expenses to be assessed as additional court costs shall be approved by the court, unless specifically fixed by statute.* Additional fees shall include, but are not limited to, fees for service of process outside the state, witness fees, fees for transcripts and depositions, costs from other courts, doctors' fees and examination and evaluation fees. No sheriff in this state shall charge any district court of this state a fee or mileage for serving any paper or process." (Emphasis added.)

Defendant's argument fails to consider K.S.A. 1986 Supp. 22-2724:

"**Costs and expenses.** The expenses which may accrue under K.S.A. 22-2723 [procedure for extradition of a person charged with a crime in this state] shall be treated·as costs of the criminal proceedings and shall be taxed and paid as provided in K.S.A. 22-3801 *et seq.*"

Read in conjunction with K.S.A. 1986 Supp. 22-3801(a), K.S.A. 1986 Supp. 22-2724 *specifically fixes* responsibility for payment of extradition costs upon the defendant.

Defendant contends that because extradition costs are not "specifically fixed" *in amount* by statute, they are subject to the discretion of the trial court. Prior to the 1982 amendment of

K.S.A. 22-2724, extradition expenses were imposed upon the county or, in some instances, upon the state. By its 1982 amendment of K.S.A. 22-2724, the legislature clearly expressed its intent that the defendant, if convicted, bear the expenses of extradition. Because of the wide diversity of locations where a defendant might be found, specification of the amount of extradition expenses in the statute would have been unfeasible. We conclude that K.S.A. 1986 Supp. 22-2724 imposes or *fixes* extradition costs upon a convicted defendant even though it does not specify the amount of expenses that must be assessed.

Because extradition expenses are "specifically fixed" as costs (K.S.A. 1986 Supp. 22-2724) to be assessed against the defendant upon conviction, K.S.A. 1986 Supp. 22-3801(a), they must be imposed. K.S.A. 28-172a(d) does not give the trial court discretion to relieve a convicted defendant of liability for extradition costs.

Defendant makes no argument that the extradition expenses requested by the State are unreasonable. In the hearing on the State's motion to assess extradition expenses, defendant did not argue that the amount requested does not accurately reflect the cost of extraditing him from Kalamazoo, Michigan. The trial court properly taxed extradition expenses to defendant as court costs pursuant to K.S.A. 1986 Supp. 22-2724 and 1986 Supp. 22-3801(a).

The four-month delay in imposing extradition costs did not prejudice defendant. The court was not required to compute costs until after the conclusion of the criminal case. K.S.A. 22-3803 provides that "[a]t the conclusion of each criminal case the court shall tax the costs against the party responsible for payment and shall cause to be delivered to such responsible party a complete statement of the costs, specifying each item of service and the fee assessed for such service." As the court observed, defendant was on notice that the State had incurred the expenses listed on the return of the extradition warrant.

K.S.A. 1986 Supp. 22-2724 and 1986 Supp. 22-3801(a) require the trial court to impose extradition expenses on a convicted defendant as part of the costs of a criminal case. The trial court did not err by ordering defendant to pay extradition expenses.

Next, defendant contends that the imposition of extradition

expenses at the State's insistence violated the terms of the plea agreement, which did not contemplate payment of these costs. This argument fails to take into consideration the provisions of K.S.A. 1986 Supp. 22-2724 and 1986 Supp. 22-3801(a). Under these statutes the imposition of extradition expenses as court costs is mandatory. The State may not negotiate or contract away such costs. Imposition of costs is outside the plea negotiation process.

Finally, defendant contends that *State v. Higgins*, 240 Kan. 756, 732 P.2d 760 (1987), decided after defendant filed his notice of appeal, requires the trial court to inquire into his financial condition before making court costs a condition of probation. He argues that the condition that he pay extradition costs must be set aside or the case remanded for further proceedings because the court did not inquire into his ability to pay.

In *Higgins*, the district court assessed $1,193.80 in extradition fees against the defendant as court costs and then paroled him from paying these fees. The State appealed. On appeal, the court defined the issue as follows: "[W]hether a district court has the authority to release an indigent defendant on probation or parole without requiring, as a condition of the parole or probation, the payment of all costs and expenses incurred in returning the defendant, as an extradited fugitive, to Kansas from another state." 240 Kan. at 758. After reviewing the applicable statutes, the court answered the question in the affirmative. The court noted that incarcerating an indigent defendant for failure to pay costs, without considering the reasons for the failure, violates the defendant's right to equal protection of the laws. 240 Kan. at 759 (citing *Bearden v. Georgia*, 461 U.S. 660, 76 L. Ed. 2d 221, 103 S.Ct. 2064 [1983]; *State v. Duke*, 10 Kan. App. 2d 392, 699 P.2d 576 [1985]). The court, however, held that parole of an indigent defendant from payment of court costs does not destroy the civil judgment imposed by statute upon conviction:

"We have considered all of the statutes and cases cited above, and have concluded that K.S.A. 1986 Supp. 22-2724 and K.S.A. 1986 Supp. 22-3801 should be construed together to require that a judgment against the defendant for court costs in a criminal case constitutes a civil judgment for the payment of money and is enforceable as such, subject to the same protections and exemptions provided indigent defendants in civil cases. As a civil judgment, a judgment for court costs

in a criminal case incurred in connection with an extradition proceeding may be collected whenever a defendant has sufficient property to satisfy the judgment. We have also concluded that, under the broad power of a trial court to grant probation or parole, a trial court may excuse a defendant from the immediate payment of court costs when a defendant is released on probation or parole. This action, however, does not in any way destroy the civil judgment for court costs. It simply makes it possible for an indigent defendant to be treated on an equal basis with other indigent defendants in civil cases." 240 Kan. at 760.

Here, the court has ordered defendant to pay extradition costs. The court may, in deciding to grant or continue probation, impose such costs as a condition of probation without considering defendant's ability to pay. A court may not revoke defendant's probation without providing him notice and a hearing. K.S.A. 1986 Supp. 22-3716(2); *State v. Duke*, 10 Kan. App. 2d at 393-94. At the probation revocation hearing, the court must consider whether defendant has the means to pay the extradition costs. *Higgins*, 240 Kan. at 759; *State v. Duke*, 10 Kan. App. 2d at 395.

Affirmed.