(780 P.2d 168)

No. 62,973

STATE OF KANSAS, *Appellee*, v. KARL GARRETT, *Appellant*.

Opinion filed September 29, 1989.

*Wynetta Massey*, legal intern, of Kansas Appellate Practice Clinic, of Lawrence, and *Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, of Topeka, for the appellant.

*Julie McKenna*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., BRISCOE and DAVIS, JJ.

BRISCOE, J.: Defendant Karl Garrett appeals from a court order assessing extradition costs. We affirm.

The facts are undisputed and are as follows: On December 30, 1986, defendant pled guilty to a charge of criminal damage to property, a class A misdemeanor, (K.S.A. 21-3720) and was sentenced to one year in the county jail. On January 21, 1987, the court placed defendant on probation for one year and included among the conditions of probation the special conditions that defendant pay court costs, fees, and restitution. After defendant was arrested for shoplifting and failed to report, defendant's probation officer requested revocation. Based upon the officer's

motion, the court issued a bench warrant. Defendant was found in Nevada and extradited to Kansas, where his probation was revoked on June 24, 1987, and he was sentenced to serve the sentence previously imposed. Defendant's motion to modify his sentence was granted and, on October 8, 1987, he was placed on parole for one year and again ordered to pay court costs, fees, and restitution. (When a court releases a person confined in the county jail prior to the expiration of his term of imprisonment, subject to conditions and supervision, the court places the person on parole, not probation. See K.S.A. 21-4602[4].) On August 5, 1988, while defendant was still on parole, the State filed a motion to modify the October 8 order to also require defendant to pay extradition costs of $743.99. The court granted the State's motion and assessed the extradition costs against defendant.

We note in passing that the extradition of this misdemeanant was accomplished because his conviction was placed in the computer as a felony, not a misdemeanor. This point was addressed by defense counsel before the trial court, but it is not raised as an issue on appeal.

The issue presented is whether a trial court has the authority to assess extradition costs against a convicted defendant more than 120 days after revocation of probation. We conclude the trial court has authority to assess extradition costs against a defendant at any time prior to defendant's release from probation or parole.

Extradition costs are not an additional penalty, but are properly chargeable to a convicted defendant to allocate the expenses incurred in prosecution. *State v. Dean,* 12 Kan. App. 2d 321, 323, 743 P.2d 98, *rev. denied* 242 Kan. 904 (1987). K.S.A. 22-2724 provides that extradition costs "shall be treated as costs of the criminal proceedings and shall be taxed and paid as provided in K.S.A. 22-3801 *et seq.*" Under K.S.A. 22-3801(a), the taxing of court costs against the convicted defendant is mandatory. *Dean,* 12 Kan. App. 2d at 325. In *Dean,* the defendant argued the imposition of extradition costs over four months after his sentence resulted in the imposition of an additional penalty. The court held that assessment of extradition costs was not a penalty, but rather a fixed cost which must be imposed pursuant to 22-3801(a).

In the present case, we are asked to define the period during which the trial court may tax extradition costs against the de-

fendant. K.S.A. 22-3803 states: "At the conclusion of each criminal case the court shall tax the costs against the party responsible for payment." The meaning of the phrase "at the conclusion of the criminal case" has not been determined. This issue was not directly raised in *Dean*. In *Dean*, the State filed the motion to impose costs within the 120-day period during which the district court retained jurisdiction to modify sentence pursuant to K.S.A. 21-4603(3). 12 Kan. App. 2d at 322. The court held that a "four-month delay in imposing extradition costs did not prejudice defendant. The court was not required to compute costs until after the conclusion of the criminal case." 12 Kan. App. 2d at 325. In the present case, the motion to impose costs was filed over 13 months after revocation of defendant's probation. Defendant contends the imposition of costs was a sentence modification and the trial court was without jurisdiction to modify his sentence pursuant to 21-4603(3).

K.S.A. 21-4603(3) provides:

"Any time within 120 days after a sentence is imposed or within 120 days after probation or assignment to a community correctional services program has been revoked, the court may modify such sentence, revocation of probation or assignment by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits."

The statute specifically authorizes the court to impose a less severe penalty than was originally imposed. The statute is irrelevant to the issue of imposition of statutorily fixed costs; rather, it is intended to allow a trial court the discretion to lessen whatever criminal penalties were imposed. This court has already held that the imposition of extradition costs is a mandatory allocation of prosecution expenses and not a criminal penalty. *Dean*, 12 Kan. App. 2d at 323. Thus, 21-4603(3) is inapplicable to the present issue, and defendant's argument that the 120-day limitation prohibits the assessment of extradition costs is without merit.

K.S.A. 21-4610 concerns the conditions which the trial court may impose when probation is granted or a sentence is suspended and specifies, without limiting, a variety of conditions. These conditions are modifiable at any time (21-4610[2]). Pursuant to 21-4610(3)(g), the trial court may require the payment of fines and costs which are applicable to the offense. We conclude the import of these statutes is to authorize the trial court to add as a condition of probation or parole the payment of court costs at

any time prior to termination of the probationary or parole period.

The relationship of 21-4610 and the assessment of extradition costs was recently explored in *State v. Higgins*, 240 Kan. 756, 732 P.2d 760 (1987). In *Higgins*, the defendant was assessed extradition fees pursuant to K.S.A. 22-2724 and 22-3801. He was then paroled from paying the assessed costs. The State appealed and the issue was whether the trial court had authority to release the defendant without requiring payment of all costs. The court referred to the broad discretionary authority given the trial court in imposing conditions of probation set forth in 21-4610. The court concluded that 22-2724 and 22-3801 should be construed together to mean that a judgment of extradition costs is a civil judgment. As a civil judgment, it can be collected whenever a defendant has sufficient property to satisfy the judgment. The court went on to conclude that, under the broad discretionary authority of a trial court to grant probation or parole, a trial court may excuse a defendant from immediate payment when he is released on probation or parole. 240 Kan. at 760.

The trial court has broad authority under 21-4610 to impose or modify any general or specific conditions of probation or parole. In the present case, the court modified the conditions of defendant's parole when it taxed extradition costs against him. When the trial court taxed extradition costs against the defendant, who was still on parole, the court acted within its authority as set forth in 21-4610 and 22-3801.

Affirmed.