NOT DESIGNATED FOR PUBLICATION

No. 115,476

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAVIS JOHNELL PICOU,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed April 28, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and MCANANY, JJ.


*Per Curiam*:  Travis Johnell Picou was convicted of aggravated assault and was released on probation with an order to report and register with the Saline County Sheriff's Office quarterly in accordance with the Kansas Offender Registration Act. When Picou failed to report, a warrant was issued for his arrest. Picou was arrested in Arkansas and extradited back to Kansas where he pled no contest to one count of failure to register. At sentencing, the district court ordered Picou to pay the cost of his extradition. Picou now appeals. Because we find that the district court correctly ordered Picou to pay the costs of his extradition from Arkansas and did not abuse its discretion when, after hearing

1

testimony from the Saline County Sheriff's Office, it set the amount owed at $553.72, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Picou pled no contest to charges of aggravated assault, aggravated battery, and harassment by telecommunication device and was sentenced to probation. As a result of his conviction for aggravated assault, Picou was required to register as a violent offender and report to the Saline County Sheriff quarterly. Additionally, he was required to notify the sheriff's office within 3 days of any change of address.

Picou reported as required in November 2013, but he failed to report to the sheriff's office in February 2014. Picou also stopped reporting to his probation officer on February 28, 2014. In May 2014, a warrant was issued for Picou's arrest charging him with three counts of violation of the Kansas Offender Registration Act.

Picou was arrested in Arkansas in August 2014. When the Saline County Sheriff's Office was notified that Picou was in custody in Arkansas, Corporal Carnell Egana contacted Security Transports and arranged for Picou to be transported back to Saline County. In accordance with their agreement, Security Transports billed Saline County $553.72 for transporting Picou the 508 miles from Conway, Arkansas, to the Saline County jail.

Rather than proceeding to trial on the charges, Picou pled no contest to one count of violating the Offender Registration Act and the State dismissed the remaining charges. The district court sentenced Picou to 43 months in prison and ordered him to pay an assortment of fees including $553.72 for the cost of his extradition.

Picou now appeals.

ANALYSIS

Picou contends that the district court abused its discretion when it ordered him to pay $553.72 in restitution to the Saline County Sheriff's Office for extradition costs. As the State points out, the extradition costs the district court ordered Picou to pay were not ordered as restitution but rather as costs associated with the prosecution of the case. Because the award of costs is governed by statutes which this court must interpret to resolve Picou's appeal, this court's review of the district court's order is unlimited. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12, *cert. denied* 135 S. Ct. 91 (2014).

K.S.A. 22-3801(a) places the liability for various costs associated with the prosecution of a criminal case on the defendant if the defendant is convicted. Among the costs that are to be charged to a defendant are "[t]he expenses which may accrue under K.S.A. 22-2723" which authorizes extradition of suspects from other states for prosecution. K.S.A. 22-2724. Such costs "shall be treated as costs of the criminal proceedings and shall be taxed and paid as provided in K.S.A. 22-3801 *et seq.*" K.S.A. 22-2724.

Although K.S.A. 22-2724 and K.S.A. 22-3801 are mandatory so that district courts do not have discretion regarding whether to order a defendant to pay extradition costs, this court has indicated that district courts must exercise discretion to determine the correct amount of costs to order. See *State v. Dean*, 12 Kan. App. 2d 321, 325, 743 P.2d 98 (1987) (holding that it is mandatory for district courts to impose extradition costs on convicted defendants); *State v. Sanders*, No. 95,457, 2007 WL 438739, at *1 (Kan. App. 2007) (unpublished opinion) (remanding to the district court to determine whether the amount of extradition fees was reasonable).

Here, the district court heard testimony from Egana regarding the extradition of Picou and the related costs. Egana testified that the distance Picou was transported was

508 miles, Security Transports charges by the mile for their services, and the total cost was $553.72. Before deciding to use Security Transports, Egana received a quote from them and approved the use of their service. Although Egana did not know how much it would have cost the Saline County Sheriff's Office to do the extradition themselves in this case, he testified that the office began using Security Transports because it was typically several hundred dollars cheaper for the office than attempting to retrieve a suspect themselves.

The district court correctly ordered Picou to pay the costs of his extradition from Arkansas and did not abuse its discretion when, after hearing Egana's testimony, it set the amount owed at $553.72. Accordingly, the district court decision is affirmed.

Affirmed.