NOT DESIGNATED FOR PUBLICATION

No. 125,635

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH RANDALL GARRISON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed January 19, 2024. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and TIMOTHY G. LAHEY, S.J.

ARNOLD-BURGER, C.J.:  Once a district court pronounces a legal sentence, it generally loses jurisdiction to modify that sentence except to correct mathematical or clerical errors. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019). Costs are not considered to be part of a defendant's sentence. *State v. Phillips*, 289 Kan. 28, 34-35, 210 P.3d 93 (2009). Kansas Bureau of Investigation (KBI) fees are court costs under K.S.A. 28-176(a)(1). Because KBI fees are not part of the sentence, we find the district court did not lack jurisdiction  when it imposed a KBI fee at Joseph Randall Garrison's resentencing that it had rejected at his original sentencing hearing.

1

Garrison pleaded guilty to attempted possession of methamphetamine as part of a plea agreement. The district court accepted Garrison's plea and eventually sentenced him to 34 months in prison.

At sentencing, the district court initially ordered Garrison to pay a $400 KBI lab fee. Defense counsel said he did not believe there was a lab fee. The district court believed the PSI report showed a lab fee but said if there was not a lab fee then it should not be assessed. The prosecutor informed the district court that it did not look like they "ha[d] a lab result back on this one." Based on this statement, the district court concluded that the KBI lab fee would not be imposed.

Less than a month after sentencing, and before any journal entry or notice of appeal was filed, Garrison moved to correct an illegal sentence. He noted that he was sentenced for possession of methamphetamine when his crime of conviction was attempted possession of methamphetamine. Under K.S.A. 2021 Supp. 21-5301(d)(1), "[a]n attempt to commit a felony which prescribes a sentence on the drug grid shall reduce the prison term prescribed in the drug grid block for an underlying or completed crime by six months." Accordingly, he argued, his sentence should have been reduced by six months. The State agreed that Garrison's sentence should be reduced.

The district court granted Garrison's motion and the case proceeded to resentencing. The district court reduced Garrison's sentence pursuant to K.S.A. 2021 Supp. 21-5301(d)(1), resulting in a 28-month prison sentence.

Relevant to this appeal, the $400 KBI lab fee was also discussed. Defense counsel stated that he did not believe there was a KBI fee in the case and that it should not be imposed. The prosecutor disagreed that there was no KBI fee and stated that she had the

KBI lab reports. The prosecutor indicated that she had showed the report to defense counsel, and she believed he agreed regarding the fee. Defense counsel stated his agreement by responding, "Yeah." Defense counsel then stated that he did not receive the lab report before the original sentencing, so he thought there was not one. The district court assessed the $400 KBI lab fee and filed a journal entry reflecting the same. See K.S.A. 28-176(a).

Garrison appealed.

ANALYSIS

The sole issue on appeal is whether the district court had jurisdiction to impose the KBI lab fee after it had elected not to do so at the initial sentencing.

Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022). Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021).

Generally, the district court retains jurisdiction over a case until an appeal is docketed with the appellate court. *State v. Thurber*, 313 Kan. 1002, 1006, 492 P.3d 1185 (2021). The district court's jurisdiction is limited after sentencing, because once the district court pronounced a legal sentence, it generally loses jurisdiction to modify that sentence except to correct mathematical or clerical errors. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019).

Although a person's legal sentence cannot be modified after sentencing, costs are not considered to be part of a defendant's sentence. *Phillips*, 289 Kan. at 34-35 (explaining that costs are not punitive and therefore are not a part of the sentence

3

imposed in a criminal case). KBI fees are one of the court costs that can be imposed on a defendant under K.S.A. 28-176(a). In fact, K.S.A. 28-176(a) requires a fee be assessed by the court anytime laboratory services are provided as part of the investigation in the case. The court can only lessen or waive such fees if the defendant is indigent, and the court makes such a finding on the record. K.S.A. 28-176(c). So to the extent laboratory services were provided by the KBI, it would have been error for the district court not to access the related fees.

Moreover, Kansas appellate courts have previously held that costs can be assessed after sentencing. For example, in *Phillips*, 289 Kan. 28, the district court ordered the defendant to pay a docket fee, booking fee, and a Board of Indigents' Defense Services (BIDS) application fee. The district court did not announce the imposition of these costs at sentencing. Rather, the district court merely included them in the journal entry of judgment. The Kansas Supreme Court found that this practice did not violate the rules requiring a district court to announce a defendant's sentence in open court. 289 Kan. at 40. While the court said that while "announc[ing]the imposition of costs at the sentencing hearing . . . is a preferred practice . . . the failure to do so will not void an order to pay costs." 289 Kan. at 45. The court also found that this practice did not violate K.S.A. 22-3803—the statute governing taxation of costs in a criminal case. That statute provides that costs "'shall'" be taxed "'[a]t the conclusion of each criminal case.'" 289 Kan. at 40 (quoting K.S.A. 22-3803); see also *State v. Dean*, 12 Kan. App. 2d 321, 325, 743 P.2d 98 (1987) (approving extradition costs imposed four months after sentencing). We have no trouble finding that the district court had jurisdiction to impose lab fees at the second sentencing hearing.

Garrison's brief also includes a single sentence in which he asserts that the district court erred in imposing the lab fee "because there was no evidence of 'laboratory services' having been provided by the KBI. See K.S.A. 28-176(a)." To the extent Garrison is challenging the factual basis supporting the fee or the existence of a lab report, he did not

4

preserve this issue. Garrison did not object to the KBI lab fee on these grounds at his resentencing hearing. In fact, the brief exchange suggests that defense counsel agreed that the fee should be imposed. So Garrison is raising this issue for the first time on appeal. Generally, issues not raised before the district court cannot be raised on appeal. There are several exceptions to this rule, but Supreme Court Rule 6.02(a)(5) (2023 Kan. S. Ct. R. at 36) requires an appellant to explain why this court should consider an issue for the first time on appeal. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Garrison makes no such argument here.

For these reasons, we affirm the district court's order assessing $400 in KBI lab fees in this case.

Affirmed.

\* \* \*

ATCHESON, J., concurring: For his only issue on appeal, Defendant Joseph Garrison submits the Leavenworth County District Court improperly ordered him to pay a statutorily mandated laboratory fee when the district court declined to impose the fee during his sentencing hearing but included it in the journal entry of judgment after discussing the matter with the prosecutor and his lawyer during a later proceeding. This court has held the laboratory fee—to be assessed against defendants convicted of specified crimes under K.S.A. 28-176 when the State's investigation requires laboratory or forensic services—is an administrative court cost rather than a punitive sanction. *State v. Likins*, 21 Kan. App. 2d 420, 434, 903 P.2d 764 (1995); *State v. Robinson*, No. 122,251, 2022 WL 17172086, at *3 (Kan. App. 2022) (unpublished opinion). The Kansas Supreme Court, in turn, has held that a district court need not address, let alone order, the payment of statutory costs during a sentencing hearing and may simply include them in the journal entry of judgment. *State v. Phillips*, 289 Kan. 28, 34-35, 40, 210 P.3d 93 (2009)

5

(explaining that costs are not punitive and, therefore, are not part of sentence imposed in criminal case).

Accordingly, a district court has no obligation to "pronounce" payment of the standard statutory laboratory fee of $400 during a sentencing hearing and may simply list the fee, among other mandated costs, in the journal entry. See *Phillips*, 289 Kan. at 40; *Robinson*, 2022 WL 17172086, at *3 (affirming imposition of $400 laboratory fee, among other costs, included in journal entry of judgment even though district court did not mention fee at sentencing). That's what effectively happened here. So Garrison's point is without merit, and the district court's order should be affirmed on that basis. I, therefore, concur in the result the majority reaches, but I find its path to that conclusion unnecessarily rocky.

As part of an agreement with the State, Garrison pleaded guilty to one count of attempted possession of methamphetamine. The State dismissed several other charges. At the sentencing hearing in mid-August 2021, the district court ordered Garrison to serve 34 months in prison on the mistaken assumption that was the presumptive mid-level sentence under the guidelines. The district court denied Garrison's request for a dispositional departure to probation. During the hearing, the district court asked the prosecutor and Garrison's lawyer about the statutory laboratory fee. The lawyers told the district court they had not seen a lab report and inferred no testing had been done, so no fee should be imposed. The district court, therefore, did not orally order Garrison to pay the $400 fee.

On September 7, 2021, Garrison filed a motion to correct the sentence as illegally imposed because convictions for attempted drug felonies carry presumptive sentences six months shorter than for the completed crimes. See K.S.A. 2021 Supp. 21-5301(d)(1). The record reflects that a journal entry of judgment had not yet been entered. At a hearing on the motion about a week later, the State agreed that the 34-month sentence was illegal.

The district court granted Garrison's motion, ordered that a corrected presentence investigation report be prepared, and continued the matter for what it termed resentencing.

At the "resentencing" hearing on September 15, 2021, the district court again considered and rejected Garrison's motion for a dispositional departure and then imposed a lawful guidelines sentence of 28 months in prison. The district court also raised the issue of the statutory laboratory fee. The prosecutor informed the district court a lab report had been received, so Garrison should be ordered to pay the fee. After conferring with the prosecutor, Garrison's lawyer agreed there was a lab report and did not object to the fee being assessed. The district court ordered Garrison to pay that fee and other court costs and waived reimbursement of the attorney fees for his appointed lawyer.

A journal entry of judgment that included the $400 laboratory fee was filed on September 27, 2021. For some reason, a second journal entry of judgment, also including the $400 laboratory fee and captioned as a journal entry nunc pro tunc, was filed on September 23, 2022. Just why the second journal entry was prepared and filed has no bearing on this appeal.

Garrison offers a two-fold pitch as to why the district court erred in ordering him to pay the $400 laboratory fee. First, Garrison identifies the well-settled rule that when the district court pronounces a lawful sentence from the bench, that sentence cannot later be changed. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014); *State v. Deck*, No. 123,807, 2022 WL 983628, at *6 (Kan. App. 2022) (unpublished opinion), *aff'd on other grounds* 317 Kan. 101, 525 P.3d 329 (2023). As I have indicated, Garrison would then have us apply the rule to the imposition of the laboratory fee. But that aspect of Garrison's argument is plainly foreclosed by *Phillips* and *Likins*.

7

For his second line of attack, Garrison says the district court should not have orally ordered the laboratory fee in handling his motion to correct the illegal sentence originally imposed on him for attempted possession of methamphetamine. In this respect, Garrison has a point. But it ultimately doesn't get him very far. If a district court grants a motion to correct an illegal sentence, it then has the authority (and, indeed, the duty) to impose a proper sentence. But that is the extent of its authority. See *State v. Guder*, 293 Kan. 763, 767, 267 P.3d 751 (2012) (when sentence on one conviction is vacated as illegal, district court on remand has no authority to modify lawful sentences already imposed on other convictions). So granting Garrison's motion did not occasion a new sentencing hearing to reconsider and again rule on anything and everything that typically would be disposed of during such a hearing. (The term "sentencing hearing" is shorthand for the proceeding following conviction in which the district court imposes punishment on a defendant. But the district court typically also addresses and resolves various nonpunitive matters, including the imposition of court costs, such as the laboratory fee, and reimbursement of attorney fees for appointed counsel.)

The district court, therefore, likely erred in orally ordering Garrison to pay the laboratory fee in conjunction with correcting his sentence. And the majority has likely strayed in endorsing the notion that a full "resentencing" necessarily follows when the district court grants a motion to correct an illegal sentence. The remedy presumably should be confined to correcting the illegality. By the same token, however, the district court was free to discuss the matter of the laboratory fee with the lawyers while they were present to argue the motion and at the continued hearing where the district court imposed a corrected sentence.

Because no journal entry of judgment had yet been entered, the district court properly included the laboratory fee, along with other costs, in the journal entry of judgment filed just after the hearing. The district court plainly had the authority under *Phillips* and *Likins* to include the fee in the journal entry whether or not the fee had been

orally ordered during any earlier hearing. The chronology of the various hearings followed by the filing of the journal entry of judgment including the laboratory fee undermines Garrison's argument for relief.