J. Matthew Oleen Morris County Attorney 501 W. Main Council Grove, Kansas 66846
Dear Mr. Oleen:
You request our opinion concerning whether a district court can suspend the minimum fine for a person who is found guilty of violating K.S.A. 1998 Supp. 41-727.
K.S.A. 1998 Supp. 41-727 provides, in part:
 "(a) [No] person under 21 years of age shall possess, consume, obtain, purchase or attempt to obtain or purchase alcoholic liquor or cereal malt beverage except as authorized by law.
 "(b) Violation of this section by a person 18 or more years of age but less than 21 years of age is a class C misdemeanor for which the minimum fine is $200.
 "(c) Any person less than 18 years of age who violates this section is a juvenile offender under the Kansas juvenile justice code. Upon adjudication thereof and as a condition of disposition, the court shall require the offender to pay a fine of not less than $200 nor more than $500.
 "(d) In addition to any other penalty provided for a violation of this section, the court may order the offender to do either or both of the following:
"(1) Perform 40 hours of public service; or
 "(2) attend and satisfactorily complete a suitable educational or training program dealing with the effects of alcohol or other chemical substances when ingested by humans.
 "(g) This section shall be part of and supplemental to the Kansas liquor control act." (Emphasis added.)
When K.S.A. 1998 Supp. 41-727 was originally enacted in 1985, the court had discretion to order a fine, public service or both.[1] In 1987, the statute was amended to remove the court's discretion to impose a fine.[2] Ordinarily, there is a presumption that a change in the language of a statute results from the legislative purpose to change its effect.[3] It is our opinion that when the Legislature changed the language in K.S.A. 41-727, its intent was to make the minimum fine mandatory and the public service optional.
Notwithstanding this legislative intent, however, we must determine whether other statutes have the effect of authorizing a court to waive the minimum sentence. K.S.A. 1998 Supp. 41-727 is not part of the Kansas Criminal Code (Code). Nevertheless, the Code provisions may apply:
 "Unless expressly stated otherwise, or the context otherwise requires, the provisions of this code apply to crimes created by statute other than in this code."[4] (Emphasis added.)
Under the Code, a person who has been convicted of a class C misdemeanor may be sentenced to pay a fine in an amount not exceeding $500.[5]
Regarding dispositions for defendants who have been convicted of crimes, K.S.A. 1998 Supp. 21-4603d (a)(11) provides, in part:
 "(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:
 (11) suspend imposition of sentence in misdemeanor cases." (Emphasis added.)
We must decide whether a court's ability under K.S.A. 1998 Supp.21-4603d to suspend a misdemeanor sentence authorizes it to suspend the mandatory minimum fine in K.S.A. 1998 Supp. 41-727(b).
In general, when there is conflict between a statute dealing generally with a subject and another statute that deals specifically with a certain phase of it, the specific statute controls unless it appears that the Legislature intended to make the general act controlling.[6] Moreover, a more recent and specific statute will prevail when in conflict with an older, more general statute.[7]
A fine cannot be mandatory if it can be suspended at the discretion of a court. Therefore, K.S.A. 1998 Supp.21-4603d(a)(11) conflicts with K.S.A. 1998 Supp. 41-727(b). The Kansas Criminal Code, which authorizes the suspension of a sentence, was enacted in 1969. K.S.A. 1998 Supp. 41-727 was enacted in 1985. Clearly, K.S.A. 1998 Supp. 21-4603d and its predecessor statutes authorizing a court to suspend the imposition of a sentence is the older, more general statute compared with K.S.A. 1998 Supp. 41-727, which was enacted in 1985 and is specific regarding the imposition of a minimum fine for possession of alcohol. Under the rule of statutory construction mentioned above, it is our opinion that the mandatory fine provision of K.S.A. 1998 Supp. 41-727 controls over a court's general ability to suspend a misdemeanor sentence.
Also, while the Code provision which allows a court to suspend a sentence applies to crimes created by other statutes, the Code will not apply if "the context otherwise requires."[8] In light of the fact that K.S.A. 1998 Supp. 41-727(b) creates a mandatory minimum fine, it is our opinion that this "context" precludes the application of the Code's provision for suspension of a fine.
Finally, in State v. Kitzman[9] the defendant was convicted a second time of driving under the influence of alcohol in violation of K.S.A. 8-1567. The sentencing portion of the statute provided, as follows:
 "(d) On a second conviction . . . a person shall be sentenced to not less than 90 days' nor more than one year's imprisonment and fined not less than $500 nor more than $1000. The person convicted must serve at least five days' imprisonment before the person is granted probation, suspension . . . of sentence or is otherwise released. As a condition of any . . . suspension of sentence . . . or of any other release, the person shall be required to . . . complete a treatment program for alcohol and drug abuse. . . ." (Emphasis added.)
The court sentenced the defendant to pay the statutory minimum fine of $500 and then suspended the fine. The State successfully argued that the court had no authority to suspend the minimum fine because it is mandatory.
The Kansas Supreme Court reviewed K.S.A. 8-1567 and concluded that the statute only allowed a court to suspend the minimum 90 day imprisonment upon certain conditions. However, the statute contained no provision that would allow the court to suspend the mandatory minimum fine.
 "`Penal statutes must be strictly construed in favor of persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it.'" (Emphasis added in original text.)
Like K.S.A. 1998 Supp. 8-1567, K.S.A. 1998 Supp. 41-727 cannot be interpreted to include a provision for suspension of the mandatory minimum fine when there is no such provision in the statute.
The Kitzman rationale can be also be applied to the juvenile offender situation. Subsection (c) of K.S.A. 1998 Supp. 41-727 is clear that, as a condition of disposition, the court shall require
the offender to pay a minimum fine of $200. Unlike the Kansas Criminal Code, the Kansas Juvenile Justice Code does not provide for the suspension of a sentence.[10] While the Kansas Juvenile Justice Code authorizes the imposition of a fine not exceeding $250 for each offense,[11] it is our opinion that the discretion to impose a fine does not apply if the juvenile offender violates K.S.A. 1998 Supp. 41-727. In such a case, the court must order the juvenile to pay, at the least, the mandatory minimum fine of $200.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] L. 1985, Ch. 173, § 2.
[2] L. 1987, Ch. 182, § 55.
[3] Board of Education of U.S.D. 512 v. Vic RegnierBuilders, Inc., 231 Kan. 731 (1982).
[4] K.S.A. 21-3102(2).
[5] K.S.A. 1998 Supp. 21-4503a.
[6] State v. Fritz, 261 Kan. 294 (1997).
[7] In Re American Freight System, Inc. 179 B.R. 952 (1995).
[8] K.S.A. 21-3102(2).
[9] 240 Kan. 191 (1986).
[10] K.S.A. 1998 Supp. 38-1663.
[11] K.S.A. 1998 Supp. 38-1663(e).