(279 P.3d 133)
No. 105,236

STATE OF KANSAS, *Appellee*, v. SCOTT A. DOUGLAS, *Appellant*.

Opin-
ion filed June 15, 2012.

*Carl F.A. Maughan* and *Catherine A. Zigtema,* of Maughan & Maughan LC, of Wichita, for appellant.

*Julie A. Koon,* assistant district attorney, *Nola Tedesco Foulston,* district attorney, and *Derek Schmidt,* attorney general, for appellee.

Before GREENE, C.J., HILL, J., and MICHAEL E. WARD, District Judge, assigned.

WARD, J.: Scott Douglas challenges recent efforts to collect the court costs imposed in his 1991 Sedgwick County criminal case. In 2010 Douglas filed a motion asserting that the collection of these costs was barred by operation of several Kansas statutes. The district court disagreed and denied his motion. Douglas appeals. We reverse and remand with directions.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1991 Scott Douglas pled guilty to the crime of indecent liberties with a child. He was sentenced to an indeterminate term of 5 to 20 years in prison. The written plea agreement included language expressing Douglas' understanding that the court "will order the payment of court costs against me." At the time of sentencing, the trial judge specifically ordered Douglas to pay the costs of the action. The journal entry of judgment memorialized this order by stating that Douglas "shall pay the costs of this action to the Clerk of this Court, including witness fees and miscellaneous expenses." The journal entry did not, however, specify the amount of court costs or fees to be paid by Douglas.

In 1992 this court affirmed by summary opinion Douglas' sentence as well as the trial court's denial of his motion to modify sentence. The issue of court costs was not raised by Douglas in his direct appeal. *State v. Douglas,* No. 67,558, unpublished opinion filed December 11, 1992, *rev. denied* 252 Kan. 1093 (1993).

In 2010 Douglas filed the instant motion seeking dismissal of his court costs, which by then had been turned over to a collection agency. Douglas asserted in his motion that the costs in his case were no longer collectable by the district court or its collection agency because he had never been provided with an itemized statement of the costs pursuant to K.S.A. 22-3803 and because the statute of limitations found at K.S.A. 60-512 bars the collection of

court costs after 3 years. Although asserting that he had never been provided an itemized cost statement, his motion states: "[T]he original order (verified by the court clerk) was ordered at $127.00 as of 1991." This amount appears to be the statutory docket fee in effect at that time. See K.S.A. 28-172a. The record is silent as to when or how Douglas may have obtained this information regarding his court costs.

The State filed a response to Douglas' motion but did not directly address the statutory arguments Douglas had put forth. Instead, the State argued that K.S.A. 75-719(d) authorized Kansas judicial districts to use outside agencies for collecting court debts and that pursuant to K.S.A. 22-3801(a) the district court has no authority to waive a defendant's obligation to pay court costs. In a minute order filed May 24, 2010, the trial judge adopted the State's response and denied Douglas' motion to dismiss costs.

## DO ONE OR MORE STATUTES PREVENT THE COLLECTION OF COURT COSTS IN THIS CASE?

This case involves the interpretation of several statutes. As such, the scope of appellate review is unlimited. The intent of the legislature is presumed to be expressed in the statutory language. And the legislative intent shall govern if it can be determined from the statute. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). The court should look first at the statute's express language and give ordinary words their ordinary meaning. *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007). If the statute is ambiguous or lacks clarity, statutory construction becomes appropriate, and a court must move outside the text of the provision at issue, utilizing legislative history and the canons of statutory construction. *Board of Leavenworth County Comm'rs v. Whitson*, 281 Kan. 678, 685, 132 P.3d 920 (2006).

### K.S.A. 22-3801(a) and K.S.A. 22-3803: The Assessment and Itemization of Court Costs

K.S.A. 22-3801(a) states: "If the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced

as judgments for payment of money in civil cases." K.S.A. 22-3803 provides in pertinent part: "At the conclusion of each criminal case the court shall tax the costs against the party responsible for payment and shall cause to be delivered to such responsible party a complete statement of the costs, specifying each item of service and the fee assessed for such service."

The State first argues in this appeal that Douglas waived the right to challenge the imposition of court costs when he failed to raise the issue as part of his earlier direct appeal, citing *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008). The State acknowledges, however, that it did not make this argument at the trial court level. This waiver argument by the State will not be addressed further because it misconstrues Douglas' arguments. Douglas does not challenge the *imposition* of court costs in his case. His motion makes that clear, and for good reason. K.S.A. 22-3801(a) mandates the assessment of court costs against the convicted criminal defendant. And as this court noted in *State v. Dean*, 12 Kan. App. 2d 321, 323, 743 P.2d 98, *rev. denied* 242 Kan. 904 (1987), for well over a century Kansas law has required that a convicted defendant be responsible for the court costs in his or her case.

Although not challenging the *imposition* of court costs, Douglas does challenge the *collection* of the court costs 19 years later. He asserts that he was never provided an itemized statement of the costs in this case, and the record before us does not include such a statement. He therefore argues that K.S.A. 22-3803 forbids efforts to collect the court costs. This court disagrees.

Although as Douglas correctly notes, K.S.A. 22-3803 provides that a convicted defendant "shall" be provided with a complete itemized statement of the court costs, the meaning of the word "shall" is not always readily determined. It can be either directory or mandatory. In *State v. Raschke*, 289 Kan. 911, 914-15, 219 P.3d 481 (2009), our Supreme Court engaged in an extensive and detailed discussion of the directory/mandatory issue, citing numerous instances in which the word "shall" had been interpreted as directory or mandatory. It then listed factors to be considered in deciding whether a statute's use of the word "shall" was intended to be

directory or mandatory. These factors include the context and history of the legislation, the effect upon a party's rights, the existence of a consequence for noncompliance, and the subject matter of the statute. *Raschke*, 289 Kan. at 915-21.

Regarding subject matter, K.S.A. 22-3803 is one of several statutes dealing with court costs in criminal cases. It provides a general procedure by which a court notifies the defendant of his or her court costs. Although it does not state precisely how or when the cost statement is to be provided to a convicted defendant, it has been interpreted as allowing "the parties to be notified of the taxation of costs through a statement served at the end of all proceedings in the criminal case, *i.e.*, after the sentencing and any other proceeding." This can be in the form of a journal entry of judgment, or in some other form. *State v. Phillips*, 289 Kan. 28, 40, 210 P.3d 93 (2009). It is one of those statutes our courts have described as designed for the "proper, orderly, and prompt conduct of business," in this case the business of the court. As such, it is the kind of statute generally regarded by our Supreme Court as directory in nature. See *Raschke*, 289 Kan. at 917.

Concerning noncompliance with the statute, K.S.A. 22-3803 does not state that failure to provide an itemized cost statement bars collection of the court costs. There is no specific consequence for noncompliance. Thus, the failure to strictly observe the statute does not in and of itself render the underlying action (assessment of court costs) void. See *Raschke*, 289 Kan. at 917.

And with respect to the rights of Douglas, the failure to provide him with a statement of costs has not substantially affected his rights. As already stated, K.S.A. 22-3801(a) requires the assessment of costs against the convicted defendant. Just as the trial judge has no discretion in whether to assess the docket fee, the trial judge also has no discretion in the amount of the docket fee. No hearing is required, and no findings need to be made in order to impose the same. *Phillips*, 289 Kan. at 42. Douglas cannot genuinely argue that his rights have been substantially affected by the lack of a cost statement when the assessment of costs is required and the amount of the docket fee is set by statute.

The court in *Raschke* held that a statute's lack of a penalty for noncompliance, as well as the lack of effect upon the essential rights of the defendant from noncompliance, both indicate that a statute is directory rather than mandatory. *Raschke*, 289 Kan. at 918. We view K.S.A. 22-3803 in that light, and we interpret it as directory rather than mandatory. The failure of the State to provide a complete statement of costs to Douglas does not make the collection of court costs unenforceable.

*K.S.A. 60-512: Statute of Limitations*

Douglas next argues in this appeal that collection of his court costs is time barred by K.S.A. 60-512. This statute provides that certain types of civil actions shall be brought within 3 years. Among such actions are those "upon a liability created by a statute other than a penalty or forfeiture." Douglas argues that the imposition of court costs is a liability created by statute, namely K.S.A. 22-3801(a), and any action to enforce that liability must therefore be brought within 3 years. He concludes that because the State waited 19 years to try and collect the court costs, such efforts are now barred by K.S.A. 60-512.

The State responds that K.S.A. 60-512 has no bearing upon the assessment or collection of court costs in a criminal case. This court agrees. This is not a statute of limitations issue. Statutes of limitation establish deadlines by which lawsuits must be commenced in order to obtain judgment based upon a recognized cause of action. K.S.A. 22-3801(a) does not simply create a liability. It imposes judgment upon that liability. A separate independent civil action is not required in order to obtain a judgment for court costs in a criminal case. Our Supreme Court has held that the assessment of court costs against a criminal defendant constitutes a civil judgment for the payment of money and is enforceable as such. Such judgment carries with it the same protections and exemptions applicable to other civil judgments and may be collected whenever a defendant has sufficient property to satisfy the judgment. *State v. Higgins*, 240 Kan. 756, 760, 732 P.2d 760 (1987). Execution and levy upon the property of the defendant may issue following the entry of a judgment for court costs. *State v. Shannon*, 194 Kan.

258, 263, 398 P.2d 344, *cert. denied* 382 U.S. 881 (1965). We thus agree with the State that K.S.A. 60-512 does not apply here. However, the court costs in Douglas' case may be uncollectable for a different reason.

### K.S.A. 60-2403: Dormancy

Although Douglas did not use the term "dormancy" in his pro se motion to dismiss his court costs, he essentially made what amounts to a dormancy argument. His basic assertion is that because the State waited so long (19 years) to try and collect the court costs, it should be barred from now doing so because of the passage of time. He called this a statute of limitations issue, which it is not, rather than a dormancy issue, which it is.

Because neither party specifically addressed the subject of dormancy in their original briefs, this court issued a show cause order asking for supplemental briefing on that issue. These supplemental briefs have been received and considered. An appellate court will not ordinarily consider an issue not raised at the trial court level or by the parties on appeal, absent exceptional circumstances. *State v. Puckett*, 230 Kan. 596, Syl. ¶ 1, 640 P.2d 1198 (1982). When an appellate court chooses to do so, the parties should be given fair opportunity to brief the issue and present their positions to the appellate court. 230 Kan. 596, Syl. ¶ 2. In this case, Douglas did raise the issue of dormancy in the trial court. He just did not call it that. And both sides have had fair opportunity to brief the issue. We choose therefore to address the dormancy issue.

K.S.A. 60-2403(a) provides in pertinent part that judgments, even those in favor of the State, become dormant 5 years following the date they are entered, unless within that time execution efforts occur or a renewal affidavit is filed. When a judgment becomes dormant and remains that way for 2 years, the trial judge is required to release the judgment when requested to do so. In *Long v. Brooks*, 6 Kan. App. 2d 963, 966, 636 P. 2d 242 (1981), this court explained the dormancy statute as follows: "[P]ursuant to K.S.A. 60-2403, judgments grow dormant in five years, if not enforced by execution, garnishment or proceeding in aid of execution; and, if not revived, as provided in K.S.A. 60-2404, such dormant judg-

ments become absolutely extinguished and unenforceable two years thereafter."

And more recently, our Supreme Court again addressed the issue of judgments being extinguished by virtue of dormancy in the case of *Associated Wholesale Grocers, Inc. v. Americold Corporation,* 293 Kan. 633, 270 P.3d 1074 (2011). There the court engaged in an exhaustive discussion of both K.S.A. 60-2403 and K.S.A. 60-2404 and reminded us that dormancy and revivor statutes are different than statutes of limitation and that they demand strict compliance. The end result in that case was the declared extinguishment of over $58,000,000 in consent judgments. *Americold Corporation,* 293 Kan. at 646-47.

Although no Kansas case has squarely addressed the issue of whether court costs in criminal cases can become dormant and extinguished under K.S.A. 60-2403(a), several cases have addressed a similar issue with respect to restitution under K.S.A. 60-2403(d). That statute provides that if 10 years lapse following the entry of a judgment of restitution in a criminal case and no renewal affidavit is issued or execution occurs within that time, then the judgment, including court costs and fees, shall become dormant. And when the restitution judgment remains dormant for 2 years thereafter, it is the duty of the trial judge to release the same upon request.

K.S.A. 60-2403(d) was first interpreted by this court in *State v. Morrison,* 28 Kan. App. 2d 249, 14 P.3d 1189 (2000), *rev. denied* 271 Kan. 1040 (2001). In that case the defendant was ordered to pay $63,737 in restitution *as a condition of probation.* The order was entered on February 4, 1987. The defendant's initial 5-year probation was later extended an additional 5 years. In February 1996 the defendant's probation was terminated. The order terminating probation stated that the defendant had agreed to pay $100 per month until the balance of his restitution was paid in full. The defendant did make his restitution payments until February 5, 1999, 12 years and a day after the order of restitution was entered, at which time he filed a motion to release himself from any further restitution liability. The *Morrison* court essentially held that K.S.A. 60-2403(d) meant what it said, and although the legislature extended the time for criminal restitution judgments to be active

beyond regular civil judgments, it did not change the need for filing executions and revivors in order to keep such a judgment alive. Even though the defendant had made regular payments toward restitution, because no execution had occurred and no revivor had been filed within the 10 plus 2 years following the entry of the restitution judgment, this court ordered that it be released by the trial court. 28 Kan. App. 2d at 235-55.

In the later case of *State v. Robards*, 31 Kan. App. 2d 1138, 1141, 78 P.3d 825 (2003), *rev. denied* 277 Kan. 927 (2004), the defendant was sentenced to prison for the crime of aggravated robbery and was ordered to pay restitution of $18,000 *as a condition of early release or parole*. This occurred on February 13, 1985. In 2001 the defendant filed a motion to void restitution, arguing that the restitution order was dormant and became unenforceable on February 13, 1997. The *Robards* court distinguished *Morrison*, holding that calculation of the dormancy period with respect to a judgment for restitution does not begin while the defendant is imprisoned. The court noted that a trial judge may not sentence a defendant to prison and order the payment of restitution simultaneously, and accordingly any period of dormancy with respect to an order of restitution should not begin to run until the defendant is placed on probation or granted conditional release. Since the earliest date for conditional release was October 21, 1994, the State had until October 21, 2004, to file a renewal affidavit. The trial court's denial of the defendant's motion to void restitution was affirmed. 31 Kan. App. 2d at 1140-41.

Court costs are not restitution, and unlike restitution, the trial court must order that a convicted defendant pay the court costs, even if he is going to prison. *State v. DeHerrera*, 251 Kan. 143, 155, 834 P.2d 918 (1992); see *Robards*, 31 Kan. App. 2d 1141. As such, any calculation of dormancy would logically begin on the date that the order and judgment of court costs was entered and would continue running even while the defendant is in prison.

This court finds no provision in Kansas law that excepts judgments for criminal court costs from the requirement that execution thereon must timely issue or dormancy occurs. The legislature clearly could have chosen to do so, but it did not. Judgments for

restitution to crime victims become dormant if not timely executed upon. Multi-million dollar civil judgments become dormant if not timely executed upon; so it also goes with judgments against criminal defendants for the court costs in their case.

*Conclusion*

The trial court's order denying Douglas' motion to dismiss costs is reversed. This case is remanded to the trial judge for a determination as to whether the State's judgment for court costs in this case has become dormant and unenforceable pursuant to K.S.A. 60-2403(a). If so, the trial judge should file an order releasing the same. If not, the trial judge should file an appropriate order once again denying Douglas' motion to dismiss costs.