NOT DESIGNATED FOR PUBLICATION

No. 120,713

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF TOPEKA MUNICIPAL COURT,
*Appellee*,

v.

JAMES L. LISTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; BRETT W. BERRY, judge pro tem. Opinion filed February 21, 2020. Affirmed.

*James L. Lister*, appellant pro se.

No appearance by appellee.

Before SCHROEDER, P.J., MALONE and STANDRIDGE, JJ.

PER CURIAM:  On July 5, 2016, the City of Topeka Municipal Court filed a limited action in Shawnee County District Court seeking judgment against James L. Lister in the amount of $262.01 for money due and owing. On August 26, 2016, after Lister failed to answer the allegations raised in the petition, the district court entered default judgment against Lister for $262.01, plus costs and interest.

On March 14, 2018, over 18 months after judgment was entered, Lister filed a pro se motion to dismiss seeking relief from the default judgment on grounds that the judgment had become dormant. Lister stated in the motion that he was charged and

1

convicted of interference with a law enforcement officer in 2006 but had not been contacted about court fines or costs that were due and owing until 2016. Notwithstanding this introductory statement, Lister did not ask the district court to set aside the underlying default judgment. Instead, Lister quoted the dormancy statute word-for-word and asked the court to dismiss the case and release him from liability on grounds that the underlying default judgment had become dormant. See K.S.A. 2019 Supp. 60-2403.

The district court scheduled a hearing for April 10, 2018, to consider Lister's motion to dismiss. On April 6, 2018, Lister filed a motion to continue the hearing, which the district court granted. The court continued the hearing to May 7, 2018. On April 30, 2018, Lister sent a letter to the district court requesting another continuance. Lister does not allege, and there is nothing in the record to suggest, that the court granted Lister's request to reschedule the hearing. The hearing on Lister's motion to dismiss was held on May 7, 2018, as previously scheduled. Lister did not appear for the hearing. The district court denied Lister's motion to dismiss, finding the 2016 default judgment in the limited action case was not old enough to have been rendered dormant under the applicable statute.

ANALYSIS

On appeal, Lister argues the district court erred (1) by denying the motion to continue the dormancy hearing and (2) by denying his motion to dismiss the judgment based on its dormancy. We address each of Lister's arguments in turn.

*Continuance*

A district court's denial of a motion for continuance is reviewed for an abuse of discretion. *Miller v. Glacier Development Co.*, 284 Kan. 476, 493, 161 P.3d 730 (2007). A judicial action constitutes an abuse of discretion when it is (1) arbitrary, fanciful, or

unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Rogers v. ALT-A&M JV*, 52 Kan. App. 2d 213, 217, 364 P.3d 1206 (2015). The party alleging that the district court abused its discretion bears the burden of establishing that such abuse occurred. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

In his brief, Lister claims the district court abused its discretion in denying his second request to continue the hearing on his motion to dismiss. In support of his claim, Lister summarily alleges that the court should have either granted this second continuance or allowed him to appear by phone for the hearing because he lives in Wichita, he is homeless, he does not have a vehicle, and he could not afford a bus ticket to travel to Topeka for the hearing. But Lister has failed to sufficiently designate a record on appeal to support his claim. Supreme Court Rules 3.01, 3.02, and 6.02 require an appellant to designate a record sufficient to allow meaningful review, to cite the record to support his or her factual allegations, and to provide pinpoint references to where the district court raised and ruled on the issue. (2019 Kan. S. Ct. R. 19; 2019 Kan. S. Ct. R. 34.) The burden is on the appellant to designate a record sufficient to present his or her points to the appellate court and to establish his or her claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). When facts are necessary to an argument, the record must supply those facts, and the appellant must provide the court with a specific citation to the point in the record where the fact can be verified. 296 Kan. at 644; Rule 6.02(a)(4) and (a)(5). While Lister is a pro se litigant, he is still required to follow the same procedural rules as those litigants who are represented by counsel. *O'Neill v. Herrington*, 49 Kan. App. 2d 896, 906, 317 P.3d 139 (2014).

Although required by Rules 3.01 and 3.02(c), Lister did not provide this court with either one of his motions to continue, any rulings associated with the motions, or any hearing transcripts where the district court ruled on Lister's motions. Without these documents, this court cannot determine if the district court abused its discretion in not

granting Lister's motion to continue and proceeding with the hearing on Lister's motion to dismiss.

Moreover, Lister's brief fails to comply with the requirements outlined in Rule 6.02(a)(4) and (a)(5). Lister's factual statement fails to include any citations to the record. As such, we deem his factual allegations to be unsupported by the record. See Rule 6.02(a)(4). And in his argument section, Lister merely copies and pastes large sections of one Kansas Court of Appeals case having no real bearing on the issue he presents. Specifically, he cites to *In re J.O.*, 43 Kan. App. 2d 754, 232 P.3d 880 (2010), a case where termination of an incarcerated father's parental rights were at issue. In that case, the father argued that the district court violated his due process rights when it prohibited the father from participating telephonically in the termination trial because it was the only way he could be present. Because the father's fundamental rights were at issue, this court engaged in unlimited review of his claim. 43 Kan. App. 2d at 758. This court further agreed that the district court violated the father's due process rights because his fundamental liberty interest—i.e., parenting his child—was at stake and because the district court gave no other reason for its refusal aside from ruling that Supreme Court Rule 145 (2009 Kan. Ct. R. Annot. 236) and K.S.A. 60-243(a) prohibited the father's appearance by phone. 43 Kan. App. 2d at 761-62.

The issue presented here is readily distinguishable from that presented in *In re J.O.* This case does not involve termination of parental rights. It does not involve the same standard of review and analysis. And Lister does not argue that any of his fundamental rights are at stake or that the court's failure to continue the May 7, 2018 hearing violated his due process rights. In fact, Lister makes no argument at all in his brief.

4

Simply put, Lister's failure to provide any factual record or legal basis to support his claim that the district court abused its discretion by failing to continue the May 7, 2018 hearing is fatal to his claim of error.

*Dormancy*

Lister claims the district court erred in denying his motion to dismiss as dormant the default judgment previously entered against him. This issue requires us to interpret the civil dormancy statute, K.S.A. 2019 Supp. 60-2403. When interpreting a statute, the scope of appellate review is unlimited. *State v. Douglas*, 47 Kan. App. 2d 734, 736, 279 P.3d 133 (2012).

Although his brief is confusing at times, the crux of Lister's claim on appeal is quite simple. Lister was arrested in January 2006 for interference with a city officer. On July 19, 2006, Topeka Municipal Court Judge Victor Miller found Lister guilty as charged and ordered Lister to pay a $197 fine. Citing to the dormancy statute, Lister argues the $197 fine became dormant five years after it was imposed unless the City of Topeka made an attempt to collect it, which Lister alleges it did not. And because the outstanding fine remained dormant for two years, Lister argues the district court was required under the dormancy statute to release him from liability for paying the fine upon his request.

But Lister misreads the applicable statute, which governs dormancy of *judgments*, not dormancy of fines imposed:

> "(a)(1) Except as provided in subsection (b), if a renewal affidavit is not filed or if execution, including any garnishment proceeding, support enforcement proceeding or proceeding in aid of execution, is not issued, within five years from the date of the entry of any *judgment* in any court of record in this state, including *judgments* in favor of the state or any municipality in the state, or within five years from the date of any order

reviving the *judgment* or, if five years have intervened between the date of the last renewal affidavit filed or execution proceedings undertaken on the *judgment* and the time of filing another renewal affidavit or undertaking execution proceedings on it, the *judgment*, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. When a *judgment* becomes and remains dormant for a period of two years, it shall be the duty of the judge to release the *judgment* of record when requested to do so." (Emphases added.) K.S.A. 2019 Supp. 60-2403.

Lister does not dispute that, regardless of when the fine was imposed, a judgment on that fine was not entered against him until August 26, 2016. Lister filed a motion to dismiss on March 14, 2018, in which he sought relief from the default judgment on grounds that the judgment had become dormant. This falls far short of the five-year dormancy window set forth in K.S.A. 2019 Supp. 60-2403.

Citing *Douglas*, Lister appears to argue that this court could construe the fine as a judgment when it was imposed in 2006. But the facts and the law in *Douglas* are readily distinguishable from those presented here. In that case, the State failed to enforce the collection of court costs from the defendant for approximately 19 years. The State finally sought the help of a collection agency to obtain these costs from the defendant. In response to collections attempts, the defendant filed a pro se motion asking the district court to dismiss the court costs because the statute of limitations barred collection of court costs after three years. Although the defendant did not specifically use the word dormancy in making his argument, a panel of this court construed the defendant to have made the substance of such an argument. Accordingly, this court issued a show cause order asking the parties to brief the dormancy issue. After considering the supplemental briefs, the court held that under the facts presented the civil dormancy statute, K.S.A. 60-2403(a), applied to the court costs imposed in the criminal case 19 years earlier. 47 Kan. App. 2d at 742-43. Relevant here, the *Douglas* court wholly relied on the following language in K.S.A. 22-3801(a): "If the defendant in a criminal case is convicted, the

6

*court costs* shall be taxed against the defendant and shall be a *judgment* against the defendant which may be enforced as *judgments* for payment of money in civil cases.'" (Emphases added.) 47 Kan. App. 2d at 736-37.

The costs in the *Douglas* case were imposed by the state court while the fine in this case was imposed by the municipal court. Lister has not provided us with any of the paperwork associated with the fine. But unlike the state statute in *Douglas* providing for court costs to be enforced as a judgment when imposed, there is no statute in the Kansas Code of Procedure for Municipal Courts (KPMC), K.S.A. 12-4101 et seq., that automatically converts municipal fines to a judgment. The most relevant statute is K.S.A. 12-4510, which states that "[w]hen a fine is levied as punishment, the municipal judge or clerk of the municipal court shall issue a statement setting forth the amount of the fine and the manner of payment. Failure to pay in the manner specified may constitute contempt of court." As was done here, the KPMC also permits the city to enter into a contract with a private agency for collection services related to fines, fees, costs, and restitution owed. K.S.A. 2019 Supp. 12-4119.

In *Douglas*, the costs were taxed to the defendant in a state court criminal proceeding, and the Kansas Code of Criminal Procedure (KCCP) provides that costs taxed against defendants in state courts are statutorily converted into judgments. See K.S.A. 22-3801(a). But the KCCP governs criminal proceedings in state court and only is applicable to municipal court proceedings when specifically provided. K.S.A. 22-2102 ("The provisions of this code shall govern proceedings in all criminal cases in the courts of the state of Kansas, but shall have application to proceedings in police and municipal courts only when specifically provided by law."). K.S.A. 22-3801(a) is not specifically made applicable to municipal courts, and there is no similar provision regarding fines and costs assessed in municipal courts under the KPMC.

7

For the reasons stated above, we find the holding in *Douglas* distinguishable and, based on the limited record on appeal, further find for purposes of our dormancy analysis that the judgment at issue was entered on August 26, 2016. Given our finding, the district court did not err in denying Lister's motion to dismiss.

Affirmed.