NOT DESIGNATED FOR PUBLICATION

No. 122,251

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN BLAKE ROBINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; DANIEL W. VOKINS, judge. Opinion filed November 23, 2022. Affirmed.

*Dustin B. Robinson*, appellant pro se.

*Stephanie B. Poyer*, of Butler & Associates, P.A., of Topeka, for appellee.

Before CLINE, P.J., ATCHESON and COBLE, JJ.

PER CURIAM: Dustin Blake Robinson pled guilty to seven counts of marijuana-related charges. As part of his sentence, the district court ordered him to pay restitution in addition to various court costs and fees. While Robinson was serving his prison sentence a couple of years later, the district court assigned his court-related debt to a collection agency under K.S.A. 2016 Supp. 20-169. On appeal, Robinson argues the district court assigned the costs and fees for collection without following all statutory requirements and improperly assigned his restitution debt. He also argues the district court erred when it ordered him to pay a $400 fee for lab testing. But as will be shown, even if Robinson's restitution was improperly assigned for collection, no money was collected as a result, so

1

he suffered no legal injury. Robinson also fails to meet his burden of showing the district court erred by assigning his costs and fees for collection and in ordering the $400 lab fee. For these reasons, we affirm the district court's orders.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2014, Robinson pled guilty to seven crimes related to the distribution of marijuana, including two counts of distribution of marijuana and one count of conspiracy to distribute marijuana. At his sentencing hearing on February 5, 2015, the district court sentenced Robinson to 101 months in prison and 36 months' postrelease supervision under a presumptive guidelines sentence. During the sentencing hearing, on the record, the district court ordered Robinson to pay restitution in the amount of $900 to reimburse the Overland Park Police Department for drug purchase money paid to the defendant by a confidential informant (CI). Although restitution was discussed on the record during the sentencing hearing, the district court did not mention any court costs. The district court's oral and written orders did not state when Robinson would begin restitution payments. Robinson's counsel did not object to the costs or restitution order.

On the same day as the sentencing hearing, a separate docket entry in the district court case history shows the imposition of court costs in the amount of $194.50. Three weeks later, on February 25, 2015, the district court filed a journal entry of judgment. In the journal entry, the district court imposed the $900 restitution order and court costs totaling $545, including a $400 crime lab fee, $100 Board of Indigents' Defense Services (BIDS) application fee, and a $45 fingerprint fee. The "Total Costs" line of the journal entry does not state a numeral but simply notes "ORD," and the $194.50 court costs previously reflected on the docket were inexplicably missing from the journal entry.

Robinson directly appealed his sentence, but after his appointed counsel reviewed the record and noted the appellate court may not review a sentence within the

2

presumptive range per K.S.A. 2021 Supp. 21-6820(c)(1), Robinson's appeal was summarily dismissed by the Supreme Court. *State v. Robinson*, No. 120,641 (order filed February 28, 2020).

A payment ledger shows Robinson made one payment toward his restitution in late 2016 and another in early 2017 ($36.14 on November 8, 2016, and $5.44 on February 27, 2017). He also submitted two payments toward general costs in early 2017 in the amount of $18.99 on March 27, 2017, and $20.34 on April 10, 2017.

On February 21, 2017—prior to Robinson's second restitution payment and his cost payments—the district court assigned his court-related debt to the debt collection firm of Butler & Associates. This assignment is noted on the district court's case history report as simply "Sent to Debt Collection." In the formal record on appeal, there is no accompanying order or notation which signifies what portion of Robinson's debt was assigned or any total amount assigned for collection.

After this assignment of Robinson's debt, a request and order for garnishment was filed on May 30, 2017. Nine days later, the garnishment was released. Although neither the order nor the release is included in the record on appeal, the notations for both filings are evident from the district court's case history. Robinson then moved to quash the garnishment before the district court. In a written journal entry filed April 4, 2018, the district court denied Robinson's objection to the garnishment of fines, fees, and costs, but found restitution would not be garnishable "until Defendant is no longer incarcerated" as a result of this case.

Robinson then moved to alter or amend that order, which the district court denied in October 2018, finding Robinson's motion to be moot because "[n]o monies have been collected as a result of garnishment." In the same order, the district court noted that on February 5, 2015, it ordered Robinson "to pay $739.50 in court costs and fees." The

3

district court also assessed a collection fee of $230.40, citing K.S.A. 20-169(c)(5). See K.S.A. 2021 Supp. 20-169(c)(5) (requiring agents contracted to collect debts for the court to charge a collection fee). In denying Robinson's motion to alter or amend, the district court noted that the prior nonwage garnishment was released, and no funds had been collected on the garnishment. The district court also noted that although Robinson had made voluntary payments toward restitution, no garnishments had been issued for collection of restitution, and reiterated that restitution would not be collected while Robinson was incarcerated for this case. The district court found Robinson "knew of the order to pay court costs and fees at sentencing," and he received due process because the "[c]ourt considered his pleadings and motions when issuing its April 2, 2018, order."

After the district court denied Robinson's motion to alter or amend, Robinson filed five new pro se motions requesting relief from the court-ordered costs, fees, and restitution. In October 2019, the district court denied relief on all motions, finding it had previously denied Robinson's objection to the garnishments and he did not raise a new factual or legal basis to support his motions.

Robinson appeals.

ANALYSIS

Robinson presents these issues on appeal: (1) whether the district court erred by assigning the court costs and fees to a collection agency; (2) whether the district court erred by assigning the restitution order to a collection agency; (3) whether the district court properly ordered him to pay a crime lab fee; and (4) whether the district court erred by assigning the restitution or costs to collection without notice. Each issue is addressed in turn.

4

*The district court did not err in assigning Robinson's statutory court costs and fees to a contracting agent under K.S.A. 2016 Supp. 20-169.*

We first address Robinson's challenge to the collection of his court costs and fees through a contracting agent under K.S.A. 2016 Supp. 20-169. As such, this issue involves the interpretation of K.S.A. 2016 Supp. 20-169. Statutory interpretation presents a question of law over which appellate courts have unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021).

As a threshold issue, we first note the appropriateness of the court costs and fees assessed to Robinson. As persistently noted by our courts, the "requirement that a convicted defendant assume liability for court costs has long been a part of Kansas law." *State v. Dean,* 12 Kan. App. 2d 321, 323, 743 P.2d 98 (1987); *State v. Granville,* 26 Kan. 158, Syl. ¶ 1, 1881 WL 866 (1881) ("A judgment of conviction in a criminal case in the district court carries costs against the defendant.").

Each of the costs and fees assessed to Robinson were statutorily authorized. K.S.A. 2021 Supp. 21-6604 authorizes a district court to order a defendant to pay a variety of costs and fees associated with a criminal conviction. The BIDS application fee is a part of costs. See *State v. Phillips*, 289 Kan. 28, 39, 210 P.3d 93 (2009); K.S.A. 2021 Supp. 21-6604(a)(9); K.S.A. 2021 Supp. 22-4529. And the court costs assessed (here in the amount of $194.50) are mandated by K.S.A. 22-3801, which requires court costs to be taxed against a defendant convicted in a criminal case. The $45 fingerprint fee is authorized under K.S.A. 2021 Supp. 12-16,119(a) and the $400 crime lab fee is required under K.S.A. 28-176(a) as addressed in our discussion below.

And, although it may be a better practice to do so, our Supreme Court and multiple panels of this court have found no express requirement that these costs and fees be mentioned on the record during the sentencing hearing, because they are nonpunitive in

nature and not a part of the sentence. See *Phillips*, 289 Kan. 28, Syl. ¶¶ 2-3, 5 (finding the booking fee and BIDS application fee to be costs, and finding K.S.A. 22-3803 does not require the defendant's presence or the imposition of costs at the sentencing hearing); *State v. Doornbos*, No. 120,969, 2020 WL 288538, at *1-2 (Kan. App. 2020) (unpublished opinion) (following *Phillips* to find costs do not need to be stated in open court; finding the district court may include unpaid BIDS application fees, assessed when a defendant requests court-appointed counsel, in a sentencing order without making additional findings) (citing *State v. Scaife*, 286 Kan. 614, Syl. ¶ 7, 186 P.3d 755 [2008]); see also *State v. Clay*, No. 118,878, 2018 WL 4039057, at *2 (Kan. App. 2018) (unpublished opinion); *State v. Osborn*, No. 106,743, 2012 WL 5392130, at *7 (Kan. App. 2012) (unpublished opinion). Although Robinson claims he was not appropriately notified at sentencing of all the costs and fees assessed against him, because there was no statutory requirement to do so, the costs and fees were validly assessed to Robinson.

Finding the assessed court costs and fees appropriate, we address the collection of those costs by the district court. K.S.A. 2016 Supp. 20-169 authorizes the collection of debts owed to courts. Under K.S.A. 2016 Supp. 20-169(d), district courts are authorized "to utilize the collection services of contracting agents . . . for the purpose of collecting all outstanding debts owed to the courts."

A panel of this court has interpreted these statutes, and their predecessors, to find there are "no statutory restrictions for the assignment of the order for fines, fees, and costs to an authorized collection agent . . . ." *State v. Tonge*, No. 104,716, 2012 WL 2476976, at *3 (Kan. App. 2012) (unpublished opinion). While the *Tonge* panel analyzed the predecessor to applicable subsections of K.S.A. 20-169—K.S.A. 75-719(a), (b)(3), and (b)(4)—the language of the statutes is almost entirely identical. See *Tonge*, 2012 WL 2476976, at *3; compare K.S.A. 2016 Supp. 20-169(a) with K.S.A. 2011 Supp. 75-719(a).

The district court was authorized to assign Butler & Associates—as a "contracting agent" under K.S.A. 2016 Supp. 20-169(b)(2)—to collect Robinson's court costs and fees. Robinson contends he had begun paying his debt and he had not failed to pay as required under this statute. Even so, although this statute specifies this assignment is for debts when a party has failed to pay, the statute also defines a "debt owed to courts" as any court costs or fees "which remain unpaid *in whole or in part*." (Emphasis added.) K.S.A. 2016 Supp. 20-169(b)(4). At the time of assignment, Robinson's debts were two years old and the payment ledgers he presented in the appellate record reveal his court costs and fees remained unpaid in large part.

Because the district court did not err in assigning Robinson's court costs, fines, and fees, it also did not err in assessing and ordering Robinson to pay a collection fee under K.S.A. 2016 Supp. 20-169(c)(5). Under that statute, courts are mandated to assess a collection fee:

> "Each contract entered pursuant to this section shall provide for a fee to be paid to or retained by the contracting agent for collection services. Such fee shall be designated as the cost of collection hereunder, and shall not exceed 33% of the amount collected. The cost of collection shall be paid from the amount collected, but shall not be deducted from the debts owed to courts or restitution." K.S.A. 2016 Supp. 20-169(c)(5).

In its October 2018 order, the district court assessed a collection fee of $230.40 under K.S.A. 2016 Supp. 20-169(c)(5). It is unclear how the district court calculated this particular fee amount, but on its face the $230.40 collection fee does not exceed the 33% permitted by statute of his total court costs/fees of $739.50. And Robinson does not appear to challenge the calculation itself. Rather, he simply argues the district court "unlawfully imposed a 33% administrative fee thereon for collection" under K.S.A. 2016 Supp. 20-169(c)(5).

Robinson's argument is not persuasive. The district court had authority under K.S.A. 2016 Supp. 20-169(d) to assign Robinson's court costs, fines, and fees for collection. And so the district court was required to assess a collection fee under K.S.A. 2016 Supp. 20-169(c)(5). Any challenge to the amount of the fee has been abandoned. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (issues not adequately briefed are deemed waived or abandoned).

*Even if the district court erred by assigning the restitution order for debt collection and garnishment, this resulted in no cognizable legal injury.*

Robinson also contends the district court erred in assigning his restitution debt for collection and garnishment. He again maintains the district court did not establish his failure to pay the debt prior to its assignment under K.S.A. 2016 Supp. 20-169, and the district court did not comply with the standards of K.S.A. 2021 Supp. 21-6604(b)(2) before seeking payment of his restitution debt. He also argues he should not be responsible for the collection fee assessed from the improper assignment of the restitution debt. Robinson suggests K.S.A. 2016 Supp. 20-169 must be read together with the statutes found in K.S.A. 75-6201 et seq., which establish a procedure for the setoff of debts owed to the state.

As an initial matter, on the face of the record submitted to this court, it must be noted that Robinson failed to designate an appellate record which contains sufficient factual information to support his restitution claims. Robinson's motion to the district court objecting to the garnishment of his court costs and restitution was not included in the record on appeal, so it is difficult to ascertain Robinson's initial objections to the collection of his court-related debt. More importantly, there is nothing in the designated record to support Robinson's argument that the district court impermissibly assigned his restitution debt and pursued garnishment to satisfy his restitution order.

That said, Robinson did attach two documents to his reply brief which offer a bit of clarity: the request for garnishment dated May 26, 2017, and the order for garnishment dated May 30, 2017. Attaching the documents to his brief, rather than designating them as part of the record on appeal, is improper under Supreme Court Rule 6.02(b) (2022 Kan. S. Ct. R. at 36). This rule specifies that including documents in the appendix of a brief does not make those documents part of the record to be considered for appellate review. See *State v. Warren*, 302 Kan. 601, 614, 356 P.3d 396 (2015). Yet given that both the request and order for garnishment are reflected in the district court's case history in the appellate record it is harmless for this court to consider the information in the documents themselves, particularly given our findings of a lack of injury and rejection of Robinson's arguments below.

Robinson's confusion about which portions of his court-ordered debt was sent to collections and included in the garnishment order is somewhat understandable. The request and order for garnishment do make it appear that the ordered restitution was, at least initially, intended to be a part of the debt collected through garnishment. This would be potentially improper as analyzed by another panel of this court. See *Tonge*, 2012 WL 2476976, at *3 (finding that the district court had authority to assign the defendant's costs and fees judgment for collection but holding the district court erred in assigning the defendant's restitution because the process under K.S.A. 2011 Supp. 21-6604[b][2] was not followed). The garnishment order states the total amount of the unsatisfied balance under the district court judgment was $2,166.70. Although it is unclear from the record presented what amounts made up that total balance, it is evident the amount likely included restitution. The fees and costs assessed against Robinson, excluding restitution, totaled $739.50—comprised of the crime lab fee ($400), BIDS application fee ($100), initial court costs ($194.50), and fingerprint fee ($45). Only adding the restitution ($900) and the administrative collection fee imposed later ($230.40) allow the total balance sought to even approach the suggested garnishment amount.

But this confusion is really of no importance here. Despite the lack of clarity in the total amount sought by the garnishment order, fatal to Robinson's restitution claims is this: there is no dispute the garnishment was released within days of its order and no monies were collected from that garnishment. The district court made it abundantly clear in its three orders that the restitution owed by Robinson had not been, and would not be, collected through garnishment or collection until after he was released from incarceration. The district court's postponing collection of the restitution debt aligns with other caselaw in this jurisdiction. See *State v. Jamerson,* 54 Kan. App. 2d 312, Syl. ¶ 5, 399 P.3d 246 (2017) (when a district court does not state unambiguously that restitution is due immediately, the restitution is not due until the inmate's release from incarceration); see *Tonge*, 2012 WL 2476976, at *3 (district court can assign a defendant's costs and fees for collection but cannot assign the restitution if the process under K.S.A. 2011 Supp. 21-6604[b][2] has not been completed).

The record reflects restitution was not collected and the district court repeatedly pledged it would not be collected until Robinson is released from incarceration. So, Robinson's claims related to the assignment or collection of restitution lack merit because, as a practical matter, he provides no information to support he suffered any cognizable injury from any abandoned attempt to collect restitution, even if the restitution order had originally been mistakenly referred for collection. Without suffering injury, his claims related to collection of restitution fails. See, e.g., *Stoll*, 312 Kan. at 734 (citing *Sierra Club v. Moser*, 298 Kan. 22, 33, 310 P.3d 360 [2013]) (without injury and a causal connection between that injury and the challenged conduct, a litigant has no legal standing).

Robinson tries to show injury by noting in his reply brief that the collection agency "compelled him to arrange a $10.00 monthly payment plan in June of 2017 in return for rescindment of the $2166.70 garnishment." But Robinson does not support this statement with a key cite to the record on appeal—rather, he again cites his own, attached

appendix which includes a letter from Butler & Associates to Robinson. As previously noted, this is improper under Supreme Court Rule 6.02(b). See *Warren*, 302 Kan. at 614. And, because this is not a document which was otherwise filed in the district court, we are not inclined to overlook this technical issue to consider the information on our review.

But even if the letter had been properly included in the record on appeal for our review, the letter does not support Robinson's contention that Butler & Associates "compelled" him to pay $10 per month. Contrary to his allegation, the letter cited in his appendix states that Robinson actually proposed the payment of $10 per month until he is released from incarceration. The letter also stated that his agreement to pay $10 per month was "not a binding agreement." Nothing in the letter, Robinson's appendix, or the record on appeal support Robinson's contention that Butler & Associates compelled him to make restitution payments in exchange for the rescindment of the nonwage garnishment, nor does the record reflect the $10 payments were applied to the restitution order instead of to the court costs and fees validly assigned for collection.

Finally, in its response to Robinson's claim that restitution is being improperly collected, the State noted K.S.A. 2021 Supp. 21-6604(b)(3)—regarding a specified time to pay restitution—was amended in June 2020. This amendment states that if a defendant was not given a specified time to pay restitution or set a payment plan, the defendant may file a motion with the court to set a plan. But it is unclear why the appellee included this topic in their brief on appeal because, as they note:  "Both the district court and the State have repeatedly acknowledged there can be no attempt to collect restitution." Following this mention by the State, Robinson responded by making various arguments on the statute's applicability, including that K.S.A. 2021 Supp. 21-6604(b)(3) "is unconstitutional under the substantive and procedural due process clause . . . ."

But notably, Robinson argues "whether or not [he] files a motion under [K.S.A. 21-6604(b)(3)] is of no merit to the assignment and collection fee," which he first challenged in his brief on appeal. Robinson is correct because this question is not what he challenges on appeal. Thus, any consideration of Robinson's payment plan under K.S.A. 2021 Supp. 21-6604(b)(3) or the constitutionality of that statute is improper because Robinson does not make these claims on appeal, and any argument he does make is improperly asserted as a new issue in his reply brief and inadequately briefed. See *Gallegos*, 313 Kan. at 277 (issues not adequately briefed are considered waived or abandoned); *McCullough*, 293 Kan. 970, 984-85, 270 P.3d 1142 (2012) ("'A reply brief is an inappropriate vehicle for raising additional issues.'").

As a result, we do not consider Robinson's claims that were improperly briefed or improperly raised, and again find no legal injury to Robinson related to his restitution debt.

*The district court did not err in assessing Robinson's crime lab fee.*

Next, Robinson argues the district court erred in assessing the $400 crime lab fee because he pled guilty to the marijuana charges, and it was within the district court's discretion to waive or lessen the fee. In response, the State argues the assignment of lab fees is statutorily mandated and Robinson's indigent status does not automatically waive the crime lab fee.

Resolving Robinson's challenge involves the interpretation of K.S.A. 28-176. Again, interpretation of a statute is a question of law over which appellate courts have unlimited review. *Stoll*, 312 Kan. at 736. And as the party asserting error, Robinson bears the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the district court's action was proper. *State v. Meggerson*, 312 Kan. 238, 249, 474 P.3d 761 (2020).

12

Robinson argues testing of the marijuana was "erroneous as it was unnecessary and premature" because the testing occurred "prior to any of the court proceedings" and the State did not need to "prove that the alleged marijuana was indeed [m]arijuana through laboratory services in the absence of a criminal trial" such as here, where Robinson pled guilty.

But as the State argues, K.S.A. 28-176(a) requires a defendant convicted of a misdemeanor or felony under chapters 21, 41, or 65 of the Kansas Statutes Annotated to pay $400 as a court cost for laboratory services:

> "(a) The court shall order any person convicted . . . of a misdemeanor or felony contained in chapters 21, 41 or 65 of the Kansas Statutes Annotated, and amendments thereto . . . to pay a separate court cost of $400 for every individual offense if forensic science or laboratory services . . . are provided, in connection with the investigation, by:
> . . . .
> (3) the Johnson county sheriff's laboratory . . . ."

Our Supreme Court has interpreted this statute in multicount criminal cases—such as here—to find district courts may order the defendant to pay a lab fee "for each count on which he or she was convicted and for which forensic science or laboratory services were rendered or administered." *State v. Goeller*, 276 Kan. 578, Syl. ¶ 5, 77 P.3d 1272 (2003). The phrase "every individual offense" as used in K.S.A. 28-176(a) refers to each count on which the defendant is actually convicted. See 276 Kan. at 584; *State v. Hubbard*, No. 111,666, 2016 WL 562996, at *15 (Kan. App. 2016) (unpublished opinion).

Here, six of Robinson's seven convictions were felonies under chapter 21 and chapter 65. Thus, under K.S.A. 28-176(a), the district court could have ordered Robinson to pay a court cost of $400, per conviction, for the laboratory services provided by the Johnson County Crime Lab that were provided "in connection with the investigation."

13

Robinson does not explicitly argue that the laboratory services used in his case were not provided in connection with the investigation. But his argument contending testing was unnecessary because he pled guilty, and the lab testing occurred before the criminal trial implicitly argues as much. But in any case, the record shows the lab testing was provided in connection with at least one count of the investigation.

In the probable cause affidavit, the declaring officer stated an Overland Park Police Department CI bought marijuana from Robinson on January 14, 2013. In exchange for money, Robinson gave the CI "a quantity of green leafy vegetation." The Johnson County Crime Lab tested the vegetation and confirmed it was marijuana.

The journal entry of judgment reflects that Robinson was convicted of distribution of marijuana, with the offense occurring on January 14, 2013. The district court reiterated the same at Robinson's plea hearing. Thus, at a minimum, the district court was required to order $400 for the count of distribution of marijuana that occurred on January 14, 2013, because the Johnson County Crime Lab was used in connection with investigating the marijuana that Robinson sold to the police CI. Whether the district court should have, or could have, ordered Robinson to pay up to $2,400—$400 multiplied by the six counts qualified under K.S.A. 28-176(a)—is not addressed by either party.

Despite his crimes and lab fees qualifying for the $400 court cost under K.S.A. 28-176(a), Robinson argues he should not have to pay the $400 because he pled guilty. This is not persuasive. Regardless of his plea, drug testing was conducted in connection with the case. And the fact that Robinson later negotiated a plea deal does not change the fact that laboratory testing was completed to confirm the "green leafy vegetation" that Robinson sold to the informant was marijuana. There is nothing in the plain language of K.S.A. 28-176(a) that suggests the $400 lab fee not be assessed if the defendant ultimately pleads guilty. In fact, a panel of this court has held:  "The assessment of the lab fee is mandatory [under K.S.A. 28-176(a)] as long as the laboratory services are provided

14

in connection with the investigation, and it does not matter whether the lab results are used at trial." *State v. Buchheit*, No. 116,770, 2018 WL 1352536, at *7 (Kan. App. 2018) (unpublished opinion).

Robinson has neither supported his point with pertinent authority, nor shown why his argument is sound despite a lack of supporting authority. Similarly, he has not shown why his argument is sound in the face of contrary authority, such as in *Buchheit*, and despite the plain language of K.S.A. 28-176(a). *Meggerson*, 312 Kan. at 246 (failing to support a point with pertinent authority or failing to show why a point is sound despite a lack of supporting authority or in the face of contrary authority is like failing to brief the issue).

The district court may lessen or waive the lab fee under K.S.A. 28-176(c), which states: "The court shall not lessen or waive such fees unless the court has determined such person is indigent and the basis for the court's determination is reflected in the court's order."

Robinson also makes an argument under this subsection, contending the district court had discretion to waive the $400 because Robinson was indigent. He appears to argue the district court needed to make this determination on its own, stating: "The district judge must consider and determine the defendant's [indigency] prior to imposing the [fee] under K.S.A. 28-176(a)."

The *Buchheit* panel rejected the proposition that a district court has the obligation to sua sponte consider a defendant's ability to pay a lab fee under K.S.A. 28-176 before making the assessment. 2018 WL 1352536, at *7. The panel reasoned that the plain language of the statute "does not obligate the district court to conduct a financial assessment of a defendant before imposing the fee." 2018 WL 1352536, at *7.

The *Buchheit* reasoning is sound, and we echo it here. The plain language of K.S.A. 28-176(c) permits a district court to waive or lessen the fee if two factors are met: (1) "the court has determined such person is indigent" and (2) "the basis for the court's determination is reflected in the court's order." Nothing in the language of this statute suggests the district court erred by not considering Robinson's indigent status before imposing the $400 fee. And there is nothing in the statute, or relevant caselaw, to suggest Robinson's indigent status for obtaining counsel automatically creates a situation in which Robinson is indigent under K.S.A. 28-176(c).

As with his preceding argument, Robinson has not shown why his argument is sound despite a lack of supporting authority, or in the face of contrary authority. See *Meggerson*, 312 Kan. at 246. For Robinson's $400 fee to be waived, the district court needed to determine Robinson was indigent and then reflect as much in its order. But nothing in the record shows Robinson attempted to argue his indigent status to lessen his fee under K.S.A. 28-176, and the district court made no such determination in any order or transcript included in the record on appeal.

In his reply brief, Robinson tries to get around this fact by arguing the district court impermissibly imposed the lab fee outside of his presence and so he did not have a chance to object. This is not persuasive. As noted above, in *Phillips*, our Supreme Court found the challenged fees were not part of the criminal sentence and did not need to be stated as part of the judgment in open court, although the Supreme Court stated it is the better practice to do so. 289 Kan. at 30.

A panel of this court later relied on *Phillips* to find lab fees under K.S.A. 28-176 are "costs assessed to recoup expenses incurred by the government, not imposed for punishment, and thus are not part of the criminal sentence. Thus, the district court was not required to state the costs in open court. [Citations omitted.]" *Osborn*, 2012 WL 5392130, at *7. The *Osborn* opinion cited to *State v. Likins*, 21 Kan. App. 2d 420, 434,

16

903 P.2d 764 (1995), where a panel of this court held K.S.A. 28-176 did not violate retroactively laws in imposing a lab cost on the defendant because K.S.A. 28-176 is a procedural statute that does not "proscribe punishment or affect the defendant's substantial rights."

Like *Phillips* and *Osborn*, we find the district court's assessment of costs in the journal entry was valid under K.S.A. 22-3803. Moreover, the district court was not required to sua sponte consider Robinson's indigent status before imposing a fee under K.S.A. 28-176 and so the district court did not err when it failed to do so. As a result, we find the district court did not err in imposing a $400 crime lab fee under K.S.A. 28-176(a).

*The district court did not violate Robinson's due process rights when assigning his court-related debts for collection.*

In his final issue on appeal, Robinson argues his procedural and substantive due process rights were violated because he was not provided with notice before the assignment of his debts. The State did not benefit the panel with a response to this issue.

Robinson appears to have raised this argument before the district court in one of his multiple pro se motions filed in January 2019, which argued the district court did not provide Robinson notice or an opportunity to be heard prior to assigning his debts to the collection agency. But the district court did not address the constitutional due process claim in its journal entry denying Robinson's motions. The journal entry simply stated that Robinson "raised no new factual or legal basis to support his motions" and "[t]he Court previously ruled on and denied Defendant's objection to garnishments."

But a part of Robinson's constitutional claim, again, improperly contends the district court assigned his restitution debt to be collected by Butler & Associates. As

17

noted, nothing in the record supports Robinson's contention that the district court forcibly and improperly collected restitution.

Given nothing in the record supports Robinson's factual contention that the district court assigned his restitution debt for collection, we conclude the district court did not violate Robinson's due process rights regarding his restitution debt. As the party claiming an error occurred, Robinson has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, this court presumes the district court's action was proper. *Meggerson*, 312 Kan. at 249.

Put another way, Robinson lacks standing to argue K.S.A. 2016 Supp. 20-169 violated his due process rights. An appellate court has a duty to question jurisdiction on its own initiative. And when the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. Delacruz*, 307 Kan. 523, 529, 411 P.3d 1207 (2018).

> "To demonstrate standing, a litigant 'must show a cognizable injury and establish a causal connection between the injury and the challenged conduct.' The litigant established a cognizable injury when the litigant establishes 'a personal interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct.'" *Stoll*, 312 Kan. at 734 (quoting *Sierra Club*, 298 Kan. at 33).

In *Stoll*, the defendant argued K.S.A. 2017 Supp. 21-5203(f), which made failure to register under the Kansas Offender Registration Act a strict liability crime, violated her substantive due process rights. On appeal to this court, the panel concluded Stoll lacked standing because the strict liability nature of the statute had no effect on her. *State v. Stoll*, No. 117,081, 2018 WL 4264867, at *5 (Kan. App. 2018) (unpublished opinion). Our Supreme Court agreed and held Stoll did not have standing to challenge the statute as unconstitutional because she failed to show "the strict liability nature of her offense had any effect on her." *Stoll*, 312 Kan. at 734.

18

Like the defendant in *Stoll*, Robinson has not shown a cognizable injury by establishing he had "'a personal interest in a court's decision and that he or she personally suffers some actual or threatened injury as a result of the challenged conduct.'" *Stoll*, 312 Kan. at 734. As has been repeatedly noted, the conduct that Robinson challenges as violating his due process rights—the assignment of his restitution debt without notice— did not actually occur. And given the challenged conduct did not occur, Robinson has not shown he has suffered some actual or threatened injury as a result.

Thus, Robinson has neither shown a cognizable injury, nor established a causal connection between the injury and the challenged conduct. As a result, we find Robinson has not established standing to challenge K.S.A. 2016 Supp. 20-169 as unconstitutional and find his due process claim over his restitution debt unpersuasive.

As noted above, the district court did assign Robinson's court costs, fines, and fees for collection, which it had authority to do under K.S.A. 2016 Supp. 20-169(d). To the extent that Robinson presents a due process claim related to notice of his costs and fees before assignment for collection, we find the district court was not required to provide such notice.

As analyzed by a panel of this court in *State v. Douglas*, 47 Kan. App. 2d 734, 738, 279 P.3d 133 (2012):

> "K.S.A. 22-3803 [the taxation of costs statute] does not state that failure to provide an itemized cost statement bars collection of the court costs. There is no specific consequence for noncompliance. Thus, the failure to strictly observe the statute does not in and of itself render the underlying action (assessment of court costs) void. See [*State v.*] *Raschke*, 289 Kan. [911,] 917, 219 P.3d 481 [2009].
>
> > "And with respect to the rights of [the criminal defendant], the failure to provide him with a statement of costs has not substantially affected his rights. As already stated, K.S.A. 22-3801(a) requires the assessment of costs against the convicted defendant. Just

19

as the trial judge has no discretion in whether to assess the docket fee, the trial judge also has no discretion in the amount of the docket fee. No hearing is required, and no findings need to be made in order to impose the same. *Phillips*, 289 Kan. at 42[.]"

The *Douglas* court found the district court was not required by statute to provide notice prior to the assignment of the costs for collection, and the rights of the criminal defendant are unaffected, given that the court has no discretion in the assessment of those costs.

Another more recent decision by a panel of this court also found it unnecessary for the criminal defendant to receive notice of the assignment of his court-related debt. In *State v. Cooley*, No. 123,463, 2021 WL 6140386 (Kan. App. 2021) (unpublished opinion), the court found Cooley did not have to receive notice that there would be additional fees if his debt was sent to collections. The panel stated:

> "Cooley also argues that he was not given notice that his debt was assigned to another party. But as already discussed, his debt was not assigned to another party. The debt remained owed to the State. [The collection agency] McVay was merely acting as a contractor collecting the debt, something the sentencing journal entry stated could happen if he failed to pay his fees and fines. Cooley provides no support for his contention that he had a due process right, which was later violated, to notice that there would be additional collections fees if his debt was sent to collections." 2021 WL 6140386, at *2.

Following the reasoning of the other panels of this court, we find no due process violation in the district court's failure to notify Robinson prior to its assignment of his fees and costs for collection.

Affirmed.